Mitchell D. Schweitzer, J.
Petitioner seeks an order reviewing and annulling a determination of respondent, New York State Liquor Authority, which revoked a liquor license heretofore issued petitioner.
On October 18, 1963 respondent caused to be mailed to petitioner a notice setting forth certain charges of violation by petitioner of certain sections of the Alcoholic Beverage Control Law. This notice called upon petitioner to appear on October 23, 1963 for a hearing on these charges. Respondent’s rule 10, promulgated by it pursuant to section 119 of the Alcoholic Beverage Control Law, provides that notices of hearings should be mailed at least five days prior to the hearing date, unless the Authority provides for a shorter notice. Accordingly, the notice herein concerned did comply with the minimum notice period provided for in the rule. The notice had stricken therefrom the printed clause whereby petitioner was given the right to plead to the charges prior to the hearing date, but a determination of the effect of this fact is not here necessary, for on October 22, the petitioner’s attorney appeared at the respondent’s office, and an adjournment of the hearing date was agreed upon. After *375 a discussion of available dates acceptable to both parties, the hearing was adjourned to November 8, 1963, and petitioner was advised that no further notice of that date would be given. Thereafter, as a result of discussions among respondent’s staff, it was decided that the adjourned date was not satisfactory, and on Thursday and Friday, October 24 and 25, telephone calls were made to petitioner’s attorney to advise him that the new hearing date, fixed by respondent, was Friday, November 1. A notice to this effect was mailed October 25, and received by petitioner’s attorney Monday, October 28. Petitioner, on October 30, made a demand for a bill of particulars from respondent, and on November 1, when he appeared at respondent’s office, was given the bill. Thereafter, respondent commenced the hearing, over petitioner’s attorney’s objections based upon his inability to properly prepare the case due., to the^ short period between the receipt of notice of the new date, and between his receipt of the bill of particulars and the hearing. Further, petitioner’s attorney stated that he had to appear that morning in a court to represent someone, and that he was unable to stay at the hearing to represent petitioner.
Petitioner now contends that these actions, in essence, constituted a deprivation of petitioner’s right to a full and fair hearing and was violative of its right to due process. Clearly the decisions of an administrative agency, charged with the responsibility of supervision of a specialized industry, are entitled to great weight and are not to be lightly disturbed by the courts. This follows from the recognition that such an agency acquires substantial expertness in the area, and that almost all of the vast number of cases presented to an agency such as respondent must, of necessity, be finally adjudicated there. The power of literal economic life or death over affected businesses is invested in such agencies. Accordingly, recourse to the courts must be made available to insure that fundamental principles of due process are adhered to by the agency in its proceedings. There appears to be no basis for assuming that agencies, rather than the courts, are more qualified to determine whether such principles have been complied with. “ The hearing held by an administrative tribunal acting in a judicial or quasi-judicial capacity may be more or less informal. Technical legal rules of evidence and procedure may be disregarded. Nevertheless, no essential element of a fair trial can be dispensed with unless waived. That means, among other things, that the party whose rights are being determined must be fully apprised of the claims of the opposing party and of the evidence to be considered, and must be given the opportunity to *376 cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal * * * [citing cases].” (Matter of Hecht v. Monahan, 307 N. Y. 461, 470.) Respondent was herein acting as a quasi-judicial body (Matter of Yates v. Mulrooney, 245 App. Div. 146, 149). The notice of hearing, served October 18, contains only conclusory allegations of violations of specified sections of the law. For example, the charg’e is therein stated ‘ ‘ that the licensee violated Section 106, subdivision 6, of the Alcoholic Beverage Control Law in that it suffered or permitted the licensed premises to become disorderly on April 26, 1963.” It is apparent, therefore, that preparation of a proper defense to such charges is almost impossible. This is recognized by .the Authority, which has promulgated rules which entitle parties such as petitioner to a bill of particulars of the charges upon proper demand therefor. This bill contains, for the first time in the proceeding, a relatively detailed statement of the facts upon which the charges are founded. This bill was received by petitioner on the morning of the date of the hearing. While the time sequences above noted do not constitute a violation of any rules of the Authority, the effect as applied herein was to deprive petitioner of a reasonable opportunity to prepare its case. See Matter of Orottano v. Kennedy (5 N Y 2d 381, 388) wherein the Court of Appeals noted, implicitly, in an analogous matter, the inability of one, in a position analogous to that of petitioner, to properly defend until service of a bill. Petitioner is not herein seeking, as contended by respondent, the power to set a hearing date. It is, however, seeking to prevent the unilateral advancement of a previously agreed-upon date to its prejudice. The procedures employed by the agency offend the basic sense of fairness, despite the technical compliance with the agency’s rules.
Accordingly, the petition is granted to the extent of remanding the proceeding for a further hearing, upon proper notice, at which petitioner may present its case.