Breitel, J.
Petitioner, owner of a bar on 125th Street in Manhattan, was denied a renewal of its restaurant liquor license after *177 an interview pursuant to the regulations of the State Liquor Authority. It sought to overturn the determination of the Authority in this article 78 proceeding on the ground that the action of the Authority had been arbitrary and capricious. The Appellate Division confirmed the determination.
While the adverse determination, after an interview, of a renewal application need not be supported by substantial evidence, or, for that matter, competent common-law evidence, to sustain the determination, there must be a rational basis for the administrative agency’s action (Matter of Fink v. Cole, 1 NY 2d 48, 53). Because, in this case, the data before the Authority does not rationally support the determination, the judgment of the Appellate Division should be reversed, the determination of the Authority annulled, and the matter remanded to the Authority for appropriate proceedings.
Petitioner has held a license for the premises in question since April 28,1966, having succeeded a prior licensee. During the two years 1966 and 1967 it received four warning letters from the Authority concerning alleged incidents of threatened or actual illegal conduct occurring on the premises. There was an additional incident which had not been the subject of a warning letter. These warnings and the additional incident were reasons given by the Authority in requesting a nonrenewal interview.
At the interview hearing three of the notices were supported by police or Authority investigation reports of the alleged incidents ; one was unsupported at the interview but is now covered by a police report attached to the Authority’s answer in this proceeding, and the additional incident was supported by testimony taken at a revocation hearing determined in favor of the licensee.
The first warning of June 16, 1966 related to the employment of felons by the licensee’s predecessor and another unrelated licensee in the neighborhood. It is irrelevant to this licensee’s application for renewal. The second warning of August 17,1966 related to the employment of a convicted gambler. Apart from the fact that the licensee denies ever having employed the named person, it is conceded that no gambling incidents were ever reported to have occurred in the licensed premises. This notice, therefore, is hardly relevant to the renewal application.
*178 Of the remaining notices, one, dated January 18,1967, warned the licensee to tighten its supervision of the premises, citing a solicitation by a prostitute which occurred on the premises on May 25, 1966, another on September 26, 1966', and a surreptitious narcotics sale on July 22, 1966. The last notice, of July 7, 1967, cited a prostitution solicitation on April 9,1967. The additional specification, not covered by the notices, related to a prostitution solicitation on August 3,1967, the same matter in which, after a full hearing in revocation proceedings, the licensee was found blameless.
The gist of the matter then is that, giving full credit to the hearsay reports which resulted in the notices, as well as to the testimony concerning the last solicitation, in the year 1966 there were but two prostitution solicitations and one narcotics sale in the premises, and in the year 1967 there were two prostitution solicitations. With respect to none of these was it claimed that the licensee knew or suffered the conditions to arise, and with respect to all but two of them the police testimony or report expressly observed that the offending conduct was surreptitious and not within the sight or hearing of the employees in the premises.
The premises are located on Harlem’s main business street between avenues through which pass the Penn-Central Railroad and the Lexington Avenue subway. It is a hub area of the district with heavy transient and local pedestrian traffic.
It is well established that in renewal proceedings, in which a hearing is not mandated by law, the Authority is not as circumscribed as in revocation or cancellation proceedings, nor are the substantive standards the same (Matter of Farina v. State Liq. Auth., 20 N Y 2d 484, 491; Matter of Wager v. State Liq. Auth., 4 NY 2d 465; cf. CPLR 7803, subd. 4). The review of a determination in such renewal proceedings is not in the nature of certiorari but mandamus, on which the standard is not substantiality of the evidence but the rationality of the administrative act (Matter of Sled Hill Cafe v. Hostetter, 22 N Y 2d 607, 612; cf. Matter of Colton v. Berman, 21 N Y 2d 322, 329; see 1 N. Y. Jur., Administrative Law, §§ 121, 178, 184, 185). Nevertheless, the determination must have a reasonable or rational basis, a test that is often indistinguishable from that of substantiality of the evidence, except that competent common- *179 law evidence is not required (Matter of Sled Hill Cafe v. Hostetter, supra, p. 612, and cases cited; cf. Matter of Colton v. Berman, supra).
Hence, the Authority was entitled to rely on the investigation reports of the police and its own investigators. But if their contents were on their face insufficient, inapplicable, or irrelevant, they would not provide rational support for the determination. That was the situation here.
Two of the notices, as already observed, were either inapplicable to this licensee or irrelevant to what later was alleged to have occurred. The remaining incidents were very few in number: three in one year, and two in the other. None was shown to have occurred with the actual or constructive knowledge of the licensee. Indeed, some were described as surreptitious and without the knowledge or possibility of knowledge of the licensee. Moreover, they occurred in premises in a busy quarter, an area of hubbub and transient traffic, a factor of some significance (cf. Matter of Sled Hill Cafe v. Hostetter, supra, pp. 611-612, involving the patronage in a “ Bohemian ” community). Had the number of incidents been very large, even if all were not established to be within the awareness of the licensee, the permissible inference would be different (cf. Matter of Kelly, 23 N Y 2d 368, 380; Matter of Shufer, 12 A D 2d 208, 213-214, mot. for lv. to app. den. 9 N Y 2d 611, involving the inference in a disciplinary proceeding of organized solicitation from the sheer number of legal matters referred to a lawyer).
Hence, the facts revealed in this case, even after complete acceptance of the hearsay evidence, fail to provide a rational basis for the failure to renew the license.
While the Authority is entitled to use hearsay reports on a renewal application, common sense and elemental fairness suggest that, if the contents of the reports are controverted seriously, the otherwise unsupported reports may fail to provide a rational basis for adverse action. So, too, as in this case, where the licensee disclaimed knowledge of the reported incidents, it would have been wiser to support the evidence presented to some degree, even if only by further official police and court records. Of course, in view of the insufficiency of the number and quality of the incidents supporting the Authority’s determination, such added proof would have made no difference. More *180 over, in some cases, it might even be necessary to produce witnesses, not because competent evidence is necessary, but because in the circumstances it would be unreasonable to rely on controverted hearsay reports or records alone.
Since this article 78 proceeding was a review of an administrative determination not resting on a hearing mandated by law, Special Term should have determined the matter. However, once transferred to the Appellate Division, that court was required to determine all the issues (CPLR 7804, subd. [g]; Matter of United States Tube Co. v. Feinberg, 7 A D 2d 591, 595-596; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7804.09). ■ This it did, and, therefore, there is no occasion for remanding the proceedings to Special Term.
Accordingly, the judgment of the Appellate Division, denominated an order, should be reversed, the determination of the Authority annulled, and the matter remanded to the Authority for appropriate proceedings.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keating and Jasen concur.
Judgment reversed, with costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.