■ In the Matter of LOUIS MIELE, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated April 18, 1974, which, after a hearing, denied petitioner's application for a restaurant liquor license. Determination annulled, with costs, and respondent is directed to issue the

restaurant liquor license forthwith. We find the authority's determination in this case to be arbitrary and capricious. While we do not condone petitioner's financial misstatements in connection with a prior application, we find that, given his otherwise unblemished record and his exemplary reputation in the community, the authority's determination that he is "not a fit and proper person to be licensed" is without a rational basis *(Matter of 125 Bar Corp. v State Liq. Auth. of State of N. Y.,* 24 NY2d 174, 178). Moreover, we do not find that petitioner was an undisclosed principal in a prior licensed restaurant on his premises. Rabin, Acting P. J., Latham and Cohalan, JJ., concur; Hopkins and Christ, JJ., dissent and vote to confirm the determination, with the following memorandum: There is substantial evidence to support the finding that petitioner gave false and misleading information to respondent. Accordingly, a rational basis exists for the agency's exercise of its discretion in refusing to grant the license and its determination should be confirmed (see *Matter of Barton Trucking Corp. v O'Connell,* 7 NY2d 299).