■ In the Matter of PARK KNOLL ASSOCIATES, Petitioner, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. PARK KNOLL TENANTS ASSOCIATION, INC., Intervenor-Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent, New York State Division of Housing and Community Renewal, dated De-

cember 20, 1979 and made after a hearing, which granted only one half of a requested rate increase. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to respondent for a further hearing in accordance herewith. The petitioner is the owner of a building complex containing 228 apartments. Pursuant to the provisions of the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4, as amd), the petitioner applied to the respondent for an increase of rent of $2.29 per month per apartment, based on the asserted necessity of replacing oil burners installed in 1950 with more modern oil burners at a cost of $26,525. After a hearing, the hearing officer found that the petitioner was entitled to an increase of rental in the sum of 50% of the increase requested. However, the respondent determined that "there is no evidence in the file to establish that the existent #4 fuel oil burners were not adequate based upon age and condition", and that "this improvement consists of equipment which is intended to alleviate energy shortages and energy cost increases, and replaces otherwise adequate equipment." The respondent then found that the rent adjustment should be limited to one half of the cost of the improvement "in order to include an offset for the savings in annual operating costs to the landlord and a reasonable rent adjustment for the avoidance of service interruptions because of energy shortages." The rent increase granted was allowed by the respondent in the sum of 29 per room per month $\frac{(\$26,500}{2} \div 60$ months amortization $\div$ 772 rooms = 29¢ per room). Although this proceeding involved a review of an administrative determination after a hearing, the hearing was not mandated by law (see Emergency Tenant Protection Act of 1974, § 9), but lies in the discretion of the respondent (see Tenant Protection Regulations, § 85, subd 8 [9 NYCRR 2507.5 (h)]). Hence, Special Term should not have transferred the matter to this court (see CPLR 7803, subd 4; cf. *Matter of Holy Spirit Assn. for Unification of World Christianity v Tax Comm. of City of N. Y.*, 62 AD2d 188, 193). Since it has been transferred to us, we may determine the issues (see *Matter of 125 Bar Corp. v State Liq. Auth.*, 24 NY2d 174). We remand for a further hearing. The record before us establishes that the newly installed oil burners require No. 2 fuel oil, which is 30% more expensive than No. 4 fuel oil consumed by the old burners. Nothing in the record demonstrates that the new burners were installed to save money or fuel, or that they would do so. Accordingly, there is no basis for the finding that savings in the annual operating costs will result from the new burners. However, at the hearing evidence was produced from tenants appearing in opposition to the petitioner's application to the effect that the difficulties in the operation of the heating system arose from the boilers rather than from the oil burners. No findings were made by the respondent with respect to such evidence. At the hearing directed herein, further evidence shall be taken and findings made with regard to these issues; both the petitioner and the tenants may, if so advised, introduce other evidence relevant to the application. Hopkins, J. P., Rabin, Gulotta and Thompson, JJ., concur.