■ In the Matter of LINDA ZIEHM et al., Respondents, v CITY OF BUFFALO et al., Appellants. — Judgment unanimously reversed, without costs, petition

dismissed, and determination confirmed. Memorandum: In this CPLR article 78 proceeding, respondents appeal from a judgment annulling the determination of respondent commissioner to terminate the employment of Linda Ziehm (petitioner). The judgment directs that petitioner be reinstated with back pay. Petitioner commenced employment with the City of Buffalo in 1973 and received her permanent appointment as an absentee investigator on November 10, 1975. An ordinance of the City of Buffalo provides that an employee "shall forfeit his employment and shall be removed therefrom" upon noncompliance with his duty "to be a domiciled resident of the city and to maintain his permanent residence within the corporate limit of said city" (Buffalo City Ordinances, ch 1, § 4). On June 20, 1979, petitioner was served with written charges alleging that she was in violation of the ordinance. Petitioner responded that because she was a resident of the City of Lackawanna on January 1, 1977, she was exempt from the operation of the ordinance by the following provision of the collective bargaining agreement (art 1, § 1.9): "Pursuant to Common Council Proceeding Item No. 130 of December 28, 1976, the following is mandated into this contract: Effective January 1, 1977, the following shall apply: (1) Any employees presently living outside of the City shall be exempt from the provisions of Section 4, Chapter 1 of the City Ordinances." Petitioner's argument was rejected and she was terminated as an employee on June 22, 1979. A hearing was held on December 12, 1979 as provided for in the collective bargaining agreement. The sole issue to be addressed by the hearing officer was whether petitioner lived outside of the City of Buffalo on January 1, 1977. The hearing officer found that she did and recommended that petitioner be reinstated. The commissioner rejected that finding, and upon new findings determined that petitioner's employment was properly terminated. It is, of course, the commissioner's determination, not the findings and recommendation of the hearing officer, which are reviewed on appeal (*Matter of Simpson v Wolansky,* 38 NY2d 391). Initially, we reject petitioner's argument that the commissioner's determination "was affected by an error of law" (CPLR 7803, subd 3) in misconstruing the meaning of the word "domicile" as defined in *Matter of Newcomb* (192 NY 238). Nor is it of significant consequence in the circumstances presented whether the hearing officer's determination is reviewed under the arbitrary and capricious standard (CPLR 7803, subd 3), as was done by Special Term, or under the substantial evidence rule (CPLR 7803, subd 4) as is urged by respondents. Rationality is what is reviewed under either standard, and if there is a rational basis in the record to support the findings upon which the administrative determination is predicated, the courts have no alternative but to confirm the determination (*Matter of Purdy v Kreisberg,* 47 NY2d 354, 358; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174, 178). At the hearing, petitioner stipulated that she resided with her parents at 358 Longnecker Street in the City of Buffalo continuously from 1973 to February 1, 1976. She claimed, however, that after purchasing a mobile home and placing it upon a lot in a trailer park in Lackawanna, New York, she moved into the mobile home in May, 1976. She offered evidence from which it could be concluded that, except for a brief period when she was recovering from an injury, she lived continuously in the mobile home from that date to a time beyond January 1, 1977. On the other hand, the city produced a number of records dated subsequent to January 1, 1977 showing that petitioner continued to list her residence on Longnecker Street. Among those records were a United States Navy enlistment application dated May 24, 1978, as well as a transcript of petitioner's testimony given under oath on October 25, 1977 at a workers' compensation hearing in which she stated that her address was 358 Longnecker Street. From all of the records and testimony offered at the

hearing, it is clear that petitioner perpetuated her Longnecker Street residence in the records of the City of Buffalo until she filed a "Payroll Change Notice" on June 6, 1979 in which she informed the city that her residence was then on Victory Road in Hamburg, New York. The record viewed in its entirety contains substantial evidence affording a rational basis for the commissioner's finding that petitioner was "a city resident from 1973 to June 1979" and that she did not qualify for the exemption contained in the collective bargaining agreement. Thus viewed, the determination may not be disturbed. (Appeal from judgment of Supreme Court, Erie County, Mattina, J. — art 78.) Present — Dillon, P. J., Hancock, Jr., Denman, Moule and Schnepp, JJ.