OPINION OF THE COURT
 

 Meyer, J.
 

 The determination of the State Liquor Authority (Authority) that the licensee violated section 111 of the Alcoholic Beverage Control Law was supported by substantial evidence and permitted revocation of petitioner’s license and imposition of a $1,000 bond claim. However, the Au
 
 *92
 
 thority has not been empowered to impose a fine, and its imposition of a $2,250 fine for violation of subdivision 2 of section 106 of the Alcoholic Beverage Control Law cannot, therefore, be sustained, notwithstanding petitioner’s no contest plea to that charge. The judgment of the Appellate Division should, therefore, be modified, with costs, to annul so much of the Authority’s determination as imposed the $2,250 fine on the latter charge and, as so modified, should be affirmed, thus sustaining the revocation and bond claim.
 

 I
 

 Petitioner is a corporate holder of a restaurant liquor license, of which Dennis V. Quirke, Jr., was, according to the papers filed with the Authority by petitioner, the sole principal. Petitioner was charged in a revocation proceeding with five separate violations of the Alcoholic Beverage Control Law: (1) permitting Quirke’s father-in-law to avail himself of the license, (2) keeping liquor in containers the contents of which were not as represented by the label, (3) purchasing liquor for resale from a person not licensed to sell for resale, (4) altering the licensed premises without permission, and (5) failing to keep and maintain on the premises accurate books and records. Having originally pleaded not guilty to all the charges, petitioner during the revocation hearing amended its plea on charge 2 to “no contest” and stipulated that there were nine bottles of liquor in question. The hearing officer held all five charges sustained and the Authority determined the “appropriate penalty [to be] revocation and $1,000 bond claim plus $2,250 fine on charge 2.”
 

 Petitioner then sought review of that determination in this article 78 proceeding. Upon transfer of the proceeding by Supreme Court to the Appellate Division, the latter court affirmed, without opinion, and dismissed the proceeding on the merits. Petitioner appeals to us by leave of this court (56 NY2d 507). Its brief before us contests whether there was substantial evidence to sustain the availing charge and, assuming,
 
 arguendo,
 
 that there was substantial evidence to sustain charges 3, 4 and 5, the propriety and legality of the penalty imposed. We modify to annul the $2,250 fine on charge 2 and affirm.
 

 
 *93
 
 II
 

 There was substantial evidence to support the Authority’s determination that the licensee permitted Quirke’s father-in-law, a person not mentioned in the license, to avail himself of the license. Testifying before the hearing officer, Quirke did not know either the renewal date or the current license fee payable for the premises and acknowledged that the signature of his name to the renewal application was not in his handwriting. The frequent presence of the father-in-law on the premises and Quirke’s concession to the investigator of his father-in-law’s interest, credited by the hearing officer though denied by the licensee at the hearing, add up to evidence which “ ‘a reasonable mind might accept as adequate to support’ ” the conclusion reached by the Authority
 
 (Matter of Stork Rest. v Boland,
 
 282 NY 256, 274). It would, therefore, not have been improper to revoke the license and impose a $1,000 bond claim on that charge alone. It being conceded by petitioner that the evidence sustained the last three charges as well, the penalty imposed on charges 1, 3, 4 and 5 was not an abuse of discretion.
 

 Ill
 

 The $2,250 fine on charge 2 was, however, in excess of the Authority’s jurisdiction and must, therefore, be annulled. Although subdivision 3 of section 17 of the Alcoholic Beverage Control Law empowers the Authority to revoke, cancel or suspend a license or permit for cause, it contains no authority to impose a fine or penalty. Moreover, the provision of section 112 that the bond furnished by a licensee or permittee shall be conditioned for payment of “all fines and penalties which shall accrue” cannot be read to authorize imposition of a fine by the Authority for it must be read in relation to the other sections of the law which almost uniformly use the word “fine” to mean an exaction for a criminal violation imposed by a court (see Alcoholic Beverage Control Law, §§ 65-a, 65-b, 130, subds 1, 1-a, 2, 3). That is, of course, the generally accepted meaning of the word
 
 (City of Buffalo v Neubeck,
 
 209 App Div 386, 388 [“As generally understood in this State, a fine is a sum of money exacted of a person guilty of a crime, the amount of which may be fixed by law or left in the discre
 
 *94
 
 tion of the court, while a penalty is a sum of money for which the law exacts payment by way of punishment for doing some act which is prohibited, or omitting to do some act which is required to be done”]; accord
 
 Village of Lancaster v Richardson,
 
 4 Lans 136, 140; see, also,
 
 American Sur. Co. of N. Y. v Town of Islip,
 
 268 App Div 92, 96;
 
 Matter of Sette v McCambridge,
 
 84 Misc 2d 591, 593;
 
 City of Hudson v Granger,
 
 23 Misc 401;
 
 Fuller v Redding,
 
 16 Misc 634, 635; cf.
 
 Gurda v Orange County Pub. Div. of Ottaway Newspapers,
 
 56 NY2d 705, revg on concurring in part and dissenting in part opn below 81 AD2d 120, 130).
 

 The only contrary suggestions in the law are the use of the word “penalties” in the title of section 130 and the references in sections 91, 92 and 101-aa (subd 9, par b) to “penalties provided for in this chapter” and in section 127 to “penalty * * * it may deem appropriate.” However, a section heading “may not alter or limit the effect of unambiguous language in the body of the statute itself”
 
 (Squadrito v Griebsch,
 
 1 NY2d 471, 475), and statutes which are penal in character should be construed in a “manner not to embrace cases which do not clearly fall within their terms”
 
 (People v Benc,
 
 288 NY 318, 323). There being provisions in the law for “fines” in the generally accepted criminal sense, the use of the word in section 112 must be construed to be limited to such a fine and, therefore, cannot furnish a basis for implying the power in the Authority to impose a fine, as it here attempted to do.
 

 For the foregoing reasons, the judgment of the Appellate Division should be modified, with costs, to annul the $2,250 fine imposed on charge 2 and, as so modified, should be affirmed.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Simons concur.
 

 Judgment modified, with costs to appellant, in accordance with the opinion herein and, as so modified, affirmed.