■ In the Matter of NEW YORK BEER DISTRIBUTING CORP., Petitioner, v STATE LIQUOR AUTHORITY OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 to review an order of the New York State Liquor Authority, dated February 7, 1984, finding petitioner guilty of engaging or participating in availing to itself of a liquor license issued to another licensee and imposing a 10-day suspension of petitioner's license and a $5,000 bond claim.

Determination confirmed, and petition dismissed on the merits, with costs.

Substantial evidence exists to sustain the charge that petitioner "engaged or participated in the availing to itself of a liquor license issued to another licensee" in violation of section 111 of the Alcoholic Beverage Control Law. According to the stipulated facts, petitioner wanted to sell Molson beer and ale to Massachusetts wholesalers notwithstanding that United Liquors, Inc. was the exclusive distributor of Molson products in Massachusetts. Petitioner's vice-president, treasurer and director, Hubert Koch, solicited orders for Molson beer and ale from

Massachusetts wholesalers and filtered the sales through a company that had been experiencing financial difficulties, Kulmbacher Import Co., Inc. (Kulmbacher). Both petitioner and Kulmbacher held wholesale beer licenses issued by the New York State Liquor Authority and certificates of compliance issued by the Massachusetts Alcoholic Beverage Control Commission. Koch drew up invoices representing sales from petitioner to Kulmbacher and from Kulmbacher to the Massachusetts customers. Petitioner arranged all deliveries; Kulmbacher never had in its possession the beer it was purportedly selling. As Kulmbacher received payment for the beer, the checks were indorsed to petitioner. Thousands of cases of beer were sold to various Massachusetts wholesalers pursuant to this scheme.

United Liquors, Inc. complained to the Massachusetts Alcoholic Beverage Control Commission that various Massachusetts wholesalers had been purchasing Molson beer and ale from sources other than the brand owner or its designated agent and at a price different from that permitted under Massachusetts law. Thereafter, the Massachusetts commission found that Kulmbacher had violated the terms and conditions of its certificate of compliance and revoked the certificate. Nine months later, Kulmbacher surrendered its New York wholesale beer license and went out of business.

Although petitioner had its own New York license and Massachusetts certificate of compliance, it effectively used Kulmbacher's license and certificate. Hence, it participated in a violation of section 111 of the Alcoholic Beverage Control Law, which provides that a license "shall be available only to the person therein specified" (see, also, 9 NYCRR 53.1 [h]). The stipulated facts provide sufficient evidence which "a reasonable mind might accept as adequate to support" the State Liquor Authority's conclusion that the charge was sustained (*Edison Co. v Labor Bd.*, 305 US 197, 229; *Matter of Dumbarton Oaks Rest. & Bar v New York State Liq. Auth.*, 58 NY2d 89, 93; *Matter of Stork Rest. v Boland*, 282 NY 256, 274). Under the circumstances, the determination was not arbitrary, capricious or an abuse of discretion and similarly, the penalty or discipline imposed was not an abuse of discretion. Accordingly, the determination is confirmed. Weinstein, J. P., Brown, Boyers and Eiber, JJ., concur.