■ BEAM-RICH, INC., Petitioner, v DEPARTMENT OF CITY PLANNING OF THE CITY OF NEW YORK, Respondent.—In this CPLR article 78 proceeding transferred to this court by order of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered August 2, 1985, the petition is unanimously granted and the determination of the respondent Department of City Planning of the City of New York, dated December 5, 1984, which granted the application of tenant Stanley Adam Kolko for residential loft occupancy pursuant to New York City Zoning Resolution § 42-141 is annulled and vacated, without costs or disbursements, and the matter remanded to respondent Department of City Planning for a new determination of residential loft occupancy pursuant to section 42-141.

Petitioner commenced this article 78 proceeding seeking, *inter alia,* annulment of respondent City Planning Department's determination which granted the application of Stanley Adam Kolko, tenant in possession, for residential loft occupancy pursuant to New York City Zoning Resolution § 42-141. Petitioner contends that respondent's determination was made in violation of lawful procedure, was effected by an error of law, was arbitrary and capricious and an abuse of discretion and was not supported by substantial evidence. Special Term did not rule on any of these claims but transferred this proceeding to this court to review whether or not respondent's determination was based upon substantial evidence. Special Term improperly transferred this proceeding, since respondent's determination was made without a hearing, and should have been reviewed by Special Term in accordance with CPLR

7803 (3). Nevertheless, we have reviewed the issues raised herein, as we are obligated to do *(Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174, 180), and we feel a remand to respondent Department of City Planning is in order.

Zoning Resolution § 42-141, authorizing respondent to modify special uses to permit joint living-work quarters for artists on the ground floors of buildings in M1-5A and M1-5B districts, requires that such artists be certified by the New York City Department of Cultural Affairs and that the artist have lived in the building on September 1, 1980. It appears that the current tenant's predecessor-in-interest may not have had such a certificate. However, the current tenant was never put on notice, nor asked to submit any proof, regarding this requirement and was never represented by counsel during his application process. Justice requires that this case be remanded to the Department of City Planning to give the current tenant an opportunity to be heard on this issue and submit all proof necessary to reconsider his application for residential loft occupancy. Concur—Carro, J. P., Asch, Fein, Milonas and Ellerin, JJ.