OPINION OF THE COURT
Stanley L. Sklar, J.
This CPLR article 78 proceeding involves the validity of the offer and compromise procedure routinely used by the State Liquor Authority to dispose of revocation proceedings. I hold that the State Liquor Authority exceeded its jurisdiction in accepting an offer in compromise in a revocation proceeding *730 (CPLR 7803 [2]) because such offers are in violation of the Authority’s own rule (CPLR 7803 [3]) which only provides for the acceptance of offers in compromise in suspension proceedings. Accordingly, the petition seeking an order annulling the determination of the State Liquor Authority which suspended petitioner’s liquor license for seven days, imposed a forfeiture of its $1,000 bond, imposed a $1,750 penalty and required removal of a video game from the petitioner’s premises is granted and the matter is remanded for a hearing.
Nostima Foods, Inc. operates a small neighborhood restaurant and tavern. In January 1986 the Authority, in a notice of pleading and hearing, charged the petitioner with permitting gambling on the premises (by maintaining a "Joker Poker” video game) in violation of the Alcoholic Beverage Control Law § 106 (6) and mislabeling alcoholic beverages containers in violation of the Alcoholic Beverage Control Law § 106 (2). Nostima originally pleaded not guilty to the charges. Then on February 11, 1986, presumably in response to a notice from the Authority regarding offers in compromise, Nostima offered to plead "No Contest” if the Authority accepted a maximum penalty of a $1,000 bond forfeiture, a seven-day suspension on the first charge (gambling), and a $250 per bottle (seven bottles) fine on the second charge (bottles not labeled).
The Authority, on April 9, 1986, accepted Nostima’s conditional no contest plea, ordered it to pay $2,750 ($1,000 bond forfeiture plus $1,750 as a fine for the seven improperly labeled bottles), imposed a seven-day suspension and ordered the removal of the "Joker Poker” machine. In a letter dated May 2, 1986, the Authority advised Nostima that failure to remove a machine is cause for revocation, cancellation or suspension of its license.
Nostima now seeks annulment of the offer in compromise agreement asserting, inter alia, that the imposition of a seven-day suspension was an abuse of discretion, that the Authority had no jurisdiction to impose a monetary fine in excess of the bond claim, that the Authority acted in excess of its jurisdiction in directing Nostima to remove the "Joker Poker” machine, and that the Authority acted in excess of its jurisdiction in entering into this agreement.
It is clear that following a hearing the Authority has no power to impose a fine for violation of Alcoholic Beverage Control Law § 106 (2). (Matter of Dumbarton Oaks Rest. & Bar v New York State Liq. Auth., 58 NY2d 89 [1983].) It does, *731 however, have the power to order removal of "Joker Poker” machines. (See generally, Matter of Plato’s Cave Corp. v State Liq. Auth., 115 AD2d 426 [1st Dept 1985], affd 68 NY2d 791.)[1] I need not resolve whether these holdings apply to prehearing offers in compromise because the Authority acted in excess of its jurisdiction in accepting such offers.
The Authority has, pursuant to Alcoholic Beverage Control Law § 119, promulgated those rules set forth at 9 NYCRR part 54, dealing with the procedures governing disciplinary proceedings. Section 54.1 deals with the commencement of proceedings. Section 54.1 (b) (1) states that notices of pleading shall indicate whether the proceeding is a revocation proceeding or a suspension proceeding. Subdivisions (c) and (d) set forth additional notice of pleading requirements with respect to suspension and revocation proceedings, respectively. The offer in compromise provision, set forth in section 54.1 (c) (2) states that "[N]otices of pleading * * * shall * * * advise the licensee that he may request that a bond forfeiture or fine be imposed in lieu of any suspension of his license, the granting of which request shall be within the discretion of the authority.” (Emphasis added.)
Even assuming that this section were applicable to the instant proceeding, the Authority violated its own rules in several respects. First, the Authority failed to include the foregoing information in the notice of pleading. Rather, it, in effect, merely advised Nostima that it could make any offer it wished. Subdivision (c) (2) clearly indicates that the Authority believed it important that the licensee, prior to making an offer in compromise, receive a notice of the parameters within which to make its offer. The rule, on its face, demonstrates that the Authority did not believe that a licensee whose source of income is threatened and who is facing monetary sanctions should blindly be coerced into making any conceivable offer in the world. It, therefore, by its own rules mandated that the notice of pleading contain a notice provision setting forth the boundaries within which the licensee could make its offer. The Authority violated this notice requirement.
Second, the offer that was actually accepted was excessive in light of the Authority’s own rules which permit an offer of a *732 "bond forfeiture or fine[2] * * * in lieu of any suspension”, not as was accepted here, an offer of a bond forfeiture and a fine plus a suspension (9 NYCRR 54.1 [c] [2].)
So even if section 54.1 (c) (2) were applicable, the Authority violated this rule in the two foregoing respects. However, this rule is not applicable. Subdivision (c) only applies to suspension proceedings and here we are dealing with a revocation proceeding. The notice of pleading appended to the answer recites that Nostima is required to appear "in connection with proceedings to revoke” its license (9 NYCRR 54.1 [b] [1]). Subdivision (d), which immediately follows subdivision (c) and which sets forth the additional notice of pleading requirements in revocation proceedings, is silent as to offers in compromise. Accordingly, applying the maxim expressio unius est exclusio alterius, it is clear that the Authority did not contemplate or authorize the utilization of the offer in compromise procedure in revocation proceedings. Thus, the Authority exceeded its authority here and acted in violation of its own procedures.
In response to this court’s inquiry on this issue, respondents submitted a "Further Memorandum of Law” in which they asserted that offers in compromise are "simply mechanical or procedural acts * * * which need not be subject to authorization by a specific statute or rule” and that subdivision (c) (2) has nothing to do with prehearing offers in compromise but rather gives the licensee a chance to make an offer in compromise only after charges are sustained and days of suspension are imposed. Respondents apparently reason that because, before a hearing, the only proceeding in which it is certain that no revocation will occur is a suspension proceeding, it would make no sense to advise the licensee in a revocation proceeding notice of pleading about a postsentence offer in compromise because the licensee in a revocation proceeding might have its license revoked, in which event it would not have an opportunity to take advantage of a posthearing offer in compromise. This argument, albeit ingenious, does not follow because a penalty of suspension may be imposed not only in a suspension proceeding but in a revocation proceeding as well. (9 NYCRR 54.6 [a], [b].) If what respondents assert is true (that you never know in a revocation proceeding whether *733 a suspension will be imposed) the Authority could simply have promulgated a rule which declares, in substance: "When after any type of hearing a penalty of suspension has been imposed, a party may offer to pay money instead of having its license suspended.”
Contrary to the Authority’s arguments, it is clear that, precisely because it is only before a suspension hearing, a party can be certain that revocation is not a possible penalty, the Authority intended subdivision (c) (2) to apply to prehearing offers in compromise.
Respondents’ argument is meritless in several other respects. First, subdivision (c) (2) is part of a section entitled "Commencement of proceedings”. If it was intended to deal with posthearing penalties, rather than prehearing offers in compromise, its substance would have been set forth in section 54.6, entitled "Penalties after hearing”.
Second, because after a suspension hearing it is possible that a suspension and a bond forfeiture and a fine may be imposed (9 NYCRR 54.6 [b]), the application of subdivision (c) (2), which provides for an offer of a bond forfeiture or a fine in lieu of any suspension, to posthearing proceedings makes no sense.
Third, why would the Authority allow a licensee when faced with a revocation proceeding to make an offer in compromise prior to a hearing, but not after, when the licensee faced with a suspension proceeding can make offers at both times?
Fourth, why would the Authority have two different offers in compromise type procedures in cases of suspension proceedings, one prehearing, where the licensee could make any offer in the world, and the other posthearing, where the scope of the offer is limited?
Finally, if the Authority intended the substance of subdivision (c) (2) to apply to postsuspension hearing determinations, it did not need a rule. It could simply have stated alternative penalties in its suspension orders, e.g., 10 days’ suspension or $1,000.
Although an agency’s interpretation of its regulations is entitled to great weight (Matter of Tommy & Tina v Department of Consumer Affairs, 95 AD2d 724 [1st Dept 1983], affd 62 NY2d 671), the court need defer to it only if a rational basis exists for the agency’s construction. (Matter of John P. v Whalen, 54 NY2d 89, 95 [1981]; Matter of Howard v Wyman, 28 NY2d 434 [1971]; Regan v Heimbach, 91 AD2d 71 [3d Dept
*734 1983], lv denied 58 NY2d 610, rearg denied 59 NY2d 969.) From the foregoing, it is clear that section 54.1 (c) (2) does not apply to revocation proceedings and that, therefore, the Authority’s construction of section 54.1 (c) (2) lacked a rational basis, was not based on substantial evidence, and was arbitrary and capricious.[3]
Accordingly, the petition is granted, the Authority’s determination is annulled, and the matter is remanded to the Authority for a hearing.

. Effective April 28, 1986, the Authority can revoke licenses for "keeping” "Joker Poker” machines on the premises. (9 NYCRR 53.1 [t].) Although this rule is not applicable to this proceeding, which was instituted before the effective date, the Authority presumably can institute new disciplinary proceedings.

. Because ! am annulling the penalty on another ground (see, infra) I do not have to reach the issue of whether the holding in Dumbarton Oaks Rest. & Bar v New York State Liq. Auth. (58 NY2d 89 [1983]) applies to a fine accepted in an offer in compromise.

. Because I am holding that the offer and compromise procedure is unauthorized in revocation proceedings, I do not reach respondents’ argument that because petitioner participated in the procedure it is estopped from asserting that the nature and/or severity of the penalty was arbitrary and capricious.