OPINION OF THE COURT
 

 Per Curiam.
 

 In 1986, the State Liquor Authority instituted a proceeding to revoke or cancel petitioner’s restaurant liquor license, alleging that petitioner mislabeled alcoholic beverage containers in violation of Alcoholic Beverage Control Law § 106 (2) and had suffered or permitted gambling on its premises by maintaining a "Joker Poker” video game in violation of Alcoholic Beverage Control Law § 106 (6). In response, petitioner invoked the Authority’s "offer in compromise” procedure, which enables the licensee to offer to plead "no contest” in exchange for a particular penalty. Under the procedure, the offer is irrevocable and the "no contest” plea automatically becomes effective if the Authority accepts the penalty that the licensee proposed. Petitioner’s offer proposed a maximum penalty of bond forfeiture ($1,000), a seven-day license suspension on the gambling charge, and a fine of $1,750 on the mislabeling charge. The Authority accepted the proposal,
 
 *651
 
 imposed the suggested penalties and, in addition, directed petitioner to remove the "Joker Poker” machines from the premises. Petitioner thereafter commenced the present proceeding challenging the regulatory agency’s authority both to establish an "offer in compromise procedure” and to impose a fine in connection with disciplinary proceedings against a licensee.
 

 Supreme Court annulled the Authority’s determination, directed the Authority to return, with interest, the $2,750 petitioner had paid and remanded to the agency for a hearing. Citing section 54.1 (c) (2) of the Authority’s rules
 
 (see,
 
 9 NYCRR 54.1 [c] [2]), the court concluded that the agency’s own regulations contemplated compromises only in connection with
 
 suspension
 
 proceedings and that the Authority therefore had no power to accept an "offer in compromise” in petitioner’s case. The court also noted alternatively that the offer the Authority actually accepted exceeded the terms of section 54.1 (c) (2), which provides the licensee charged in a suspension proceeding "may request that a bond forfeiture
 
 or
 
 fine be imposed
 
 in lieu of
 
 any suspension” (emphasis supplied). The Appellate Division affirmed, relying solely on the latter ground. That court then granted the Authority permission to appeal to this court
 
 (see,
 
 CPLR 5602 [a] [2]), certifying the following question of law: "Was the order of the Supreme Court, as affirmed by this Court, properly made?”
 

 Initially, the Authority is not limited to the compromise procedure suggested in section 54.1 (c) (2) of its rules, which pertains only to suspension proceedings. To the contrary, State Administrative Procedure Act § 301 (5), which permits disposition of any adjudicative proceeding "by stipulation, agreed settlement * * * or other informal method”, gives the Authority a broader power to enter into settlement arrangements or accept "offers in compromise” in other regulatory disputes. Further, since section 54.1 (c) (2) applies only in suspension proceedings, the range of possible compromise penalties it prescribes is not controlling here.
 

 Nonetheless, we conclude that the Authority’s determination was properly annulled. Under the statutory scheme prescribed by the Legislature, the Authority has no power to impose fines for violations of the rules and regulations governing licensees
 
 (Matter of Dumbarton Oaks Rest. & Bar v New York State Liq. Auth.,
 
 58 NY2d 89). Since fines are not within the categories of permissible penalties authorized by the Legis
 
 *652
 
 lature, the Authority has no more power to include a fine as part of a compromise settlement than it does to impose a fine following a fully litigated proceeding. Nor can we agree with the Authority’s position that petitioner, having itself proposed the offer in compromise, is now estopped from challenging the Authority’s power to impose a fine. Being punitive in nature, a fine may only be authorized by the Legislature
 
 (see, Matter of Dumbarton Oaks Rest. & Bar v New York State Liq. Auth., supra,
 
 at 93). Here, the Legislature has expressly withheld from the Authority the power to assess a fine.
 
 Matter of Farina v State Liq. Auth.
 
 (20 NY2d 484) is not to the contrary; it did not involve the imposition of a criminal sanction, and is, therefore, not determinative here.
 

 This is not to suggest that the Authority and its licensees may not use the "offer in compromise” procedure to bargain for reduced penalties in exchange for "no contest” pleas. We hold only that the bargained-for penalties must remain within the classes of sanctions, such as suspensions and bond forfeitures, that are authorized ill the statutory scheme.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
 

 Order affirmed, etc.