■ In the Matter of GEORGE KARAM, Doing Business as THRIFTY'S FOOD STORE, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Determination unanimously annulled on the law without costs and petition granted. Memorandum: The determination of the State Liquor Authority that petitioner had sold beer to a minor was based solely upon the hearsay statement of the minor, who did not appear at the hearing. Under the circumstances of the case, the hearsay statement did not constitute substantial evidence to sustain the Authority's determination. Substantial evidence is " 'evidence on which responsible persons are accustomed to rely in serious affairs' " *(People ex rel. Vega v Smith,* 66 NY2d 130, 139, quoting from *National Labor Relations Bd. v Remmington Rand,* 94 F2d 862, 873, *cert denied* 304 US 576). Although the Authority is entitled to rely upon hearsay evidence, if the hearsay evidence is "controverted seriously", it may fail to provide substantial evidence necessary to support the Authority's determination *(Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174, 179). Here, the hearsay statement was controverted by the evidence presented by petitioner to such an extent that it cast serious doubt upon the statement's reliability and, thus, failed to provide substantial evidence to support the determination. (Article 78 proceeding transferred by order of Supreme Court, Oneida County, Shaheen, J.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.