■ In the Matter of JOSE DE LEON, Doing Business as DE LEON GROCERY, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Determination of the respondent State Liquor Authority dated October 5, 1990, which found petitioner guilty of, among other things, permitting another person to avail himself of petitioner's off-premises beer license, cancelled petitioner's license and imposed a $1,000 bond forfeiture, unanimously confirmed, the petition is denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, New York County [Walter Schackman, J.], entered February 4, 1991), unanimously dismissed, without costs and disbursements.

The uncontroverted evidence that petitioner had contracted to sell the licensed premises and that the vendee was in possession of and operating the premises without petitioner's involvement constituted substantial evidence which " ' "a reasonable mind might accept as adequate to support" ' " respondent's determination that the vendee had been permitted to avail himself of petitioner's license in violation of *Matter of Dumbarton Oaks Rest. & Bar v New York State Liq.*

*Auth.* (58 NY2d 89, 93, quoting *Matter of Stork Rest. v Boland,* 282 NY 256, 274). Petitioner cannot rely on the lack of documentary evidence as to the arrangements between himself and the vendee, where such, if it exists, was in petitioner's power to provide. Revocation was not an inappropriate penalty for the violations *(supra)*. Concur—Murphy, P. J., Carro, Rosenberger, Kupferman and Ross, JJ.