■ In the Matter of GINNY REST., INC., Doing Business as THE BORDER, Petitioner, v STATE LIQUOR AUTHORITY OF THE STATE OF NEW YORK, Respondent. [611 NYS2d 63] —Determination unanimously annulled on the law with costs and petition granted. Memorandum: Respondent served a "Notice of Pleading and Hearing" on petitioner stating the charges and providing that the maximum penalty would be forfeiture of petitioner's bond. In response, petitioner made an offer in compromise, which was rejected by respondent. At the commencement of the hearing, respondent attempted to amend the Notice to provide for a maximum penalty of 30 days' suspension. Petitioner objected to the amendment and the Administrative Law Judge offered petitioner a continuance to make another offer in compromise. Counsel for respondent advised the Administrative Law Judge that he would reject any other offer in compromise. Petitioner agreed, therefore, to go forward with the hearing. The Notice was amended and, following the hearing, respondent imposed a penalty of 25 days' suspension and forfeiture of petitioner's bond.

Respondent's rules governing disciplinary proceedings provide that the notice in a suspension proceeding must "set forth the maximum penalty, including a fine and/or any claim against the licensee's penal bond, which [respondent] may assess if the charges are sustained" (9 NYCRR 54.1 [c] [1]). The regulations further provide that, if charges are sustained at the hearing, respondent "may direct suspension of the license for a duration not to exceed the maximum period set forth in the notice of pleading, and may impose a fine and/or bond forfeiture to the extent, if any, also set forth therein" (9

NYCRR 54.6 [b]). Respondent's failure to set forth the maximum penalty in the Notice is a material defect, requiring that respondent's determination be annulled and the petition granted *(see, Matter of Bryant v Coughlin,* 77 NY2d 642, 649). It is well established that an administrative body is bound by, and may not ignore, its own rules and regulations *(see, Matter of Rankin v Lavine,* 41 NY2d 911). Respondent's failure to provide notice of the maximum penalty, coupled with counsel's arbitrary decision that no further offers in compromise would be accepted, represents a material defect in the proceeding that deprived petitioner of due process.

We have considered petitioner's other arguments and conclude that they are without merit. (Article 78 Proceeding Transferred by Order of Supreme Court, Nassau County, Christ, J.) Present—Denman, P. J., Pine, Lawton, Callahan and Davis, JJ.