■ In the Matter of PANKY WINE AND LIQUOR CORP., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [630 NYS2d 350] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority dated September 19, 1989, which found the petitioner guilty of three violations of the Alcoholic Beverage Control Law and imposed a 15-day suspension of the petitioner's liquor license and a $1,000 bond forfeiture, the appeal is from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered August 17, 1992, which granted the petition, annulled the determination of the New York State Liquor Authority, and permitted the petitioner to withdraw its offer in compromise.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

On or about May 2, 1989, the appellant instituted a proceed-

ing to cancel or revoke the petitioner's liquor license, alleging violations of the Alcoholic Beverage Control Law. In response, the "petitioner invoked the Authority's 'offer in compromise' procedure, which enables the licensee to offer to plead 'no contest' in exchange for a particular penalty. Under the procedure, the offer is irrevocable and the 'no contest' plea automatically becomes effective if the Authority accepts the penalty that the licensee proposed" *(Matter of Nostima Foods v State Liq. Auth.,* 71 NY2d 648, 650).

On August 1, 1989, the appellant's Enforcement Bureau referred an additional violation alleged to have been committed prior to the charges in the initial proceeding. As a consequence thereof, the appellant instituted a second proceeding to revoke or suspend the petitioner's license, by notice of pleading and hearing dated August 2, 1989.

On August 30, 1989, the appellant accepted the petitioner's conditional no-contest plea and offer in compromise to the initial proceeding. The appellant issued an order of suspension dated September 19, 1989.

Thereafter, by letter dated October 2, 1989, the petitioner requested that the appellant amend its determination to include the charge contained in the second notice of pleading, or that the offer in compromise in the initial proceeding be declared a nullity and that the suspension be postponed. The appellant denied the request and the petitioner commenced the instant proceeding.

"After a disciplinary proceeding has been commenced, the licensee shall be afforded an opportunity to plead * * * 'no contest' to the charges" (9 NYCRR 54.2 [a]). To expedite administrative resolution of charges, the appellant has adopted a procedure wherein a licensee can make an offer in compromise which constitutes a conditional plea of "no contest" to the charges contained in the notice of pleading and hearing. Upon receipt, the offer in compromise is transmitted to the members of the appellant, who must determine whether to accept it or reject it. If it is accepted by the members of the appellant it constitutes a final and irrevocable plea of no-contest. This offer in compromise procedure has been approved by the Court of Appeals *(see, Matter of Nostima Foods v State Liq. Auth.,* 71 NY2d 648, *supra).*

In the case at bar, the second proceeding was commenced 28 days before (i) the appellant accepted the petitioner's offer and (ii) the petitioner's plea became irrevocable. Accordingly, the petitioner waived its right to withdraw its plea by waiting two months after the initiation of the second proceeding, and more

than one month after the plea became irrevocable, before requesting to withdraw the plea. Moreover, contrary to the court's finding, the second proceeding was separate from the initial proceeding. Therefore, the petitioner's offer in compromise in the initial proceeding was not prejudiced by the commencement of a separate proceeding (cf., Matter of Belpe Rest. v New York State Liq. Auth., 42 Misc 2d 374). Rosenblatt, J. P., Copertino, Hart and Friedmann, JJ., concur.