■ In the Matter of BRANDON C., a Child Alleged to be Neglected, Appellant. PAMELA C., Appellant; ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondents. [632 NYS2d 43] —Order unanimously reversed on the law without costs and matter remitted to Oneida County Family Court for further proceedings in accordance with the following Memorandum: In this neglect proceeding, Family Court erred in ordering that an adjournment in contemplation of dismissal be extended for six months over the objection of the Law Guardian. Such an adjournment may not be ordered without the consent of the child's attorney or Law Guardian (see, Family Ct Act § 1039 [a]; Matter of Gary B., 101 AD2d 1026; Matter of Amlinger v Amlinger, 73 AD2d 1047). (Appeal from Order of Oneida County Family Court, Cook, J.—Neglect.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.

■ In the Matter of FELLOWMEN COMMUNITY DEVELOPMENT CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [631 NYS2d 955] —Determination unanimously annulled on the law with costs and petition granted in accordance with the following Memorandum: The determination that petitioner caused or permitted alcoholic beverages to be sold or delivered to minors in violation of Alcoholic Beverage Control Law § 65 (1) is not supported by substantial evidence. Evidence of petitioner's conduct consisted entirely of hearsay. Although the State Liquor Authority is entitled to consider hearsay evidence, such evidence, if " 'controverted seriously' ", may fail to provide the substantial evidence necessary to support the Authority's determination (Matter of Karam v New York State Liq. Auth., 163 AD2d 869; see also, Matter of 125 Bar Corp. v State Liq. Auth., 24 NY2d 174, 179-180). Here, the statements of one minor and her boyfriend presented conflicting versions of the purchase of a wine cooler and the statement of the minor was obtained while she was a patient at the intensive care unit of a hospital. The boyfriend's version was controverted by sworn statements submitted by petitioner. The statement of another minor does not reveal that the beverage she was drinking was acquired at petitioner's establishment. There is no evidence regarding the credibility of the persons who gave the statements. Thus, those statements do not constitute substantial evidence to support the determination (see, Matter of Karam v New York State Liq. Auth., supra). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Monroe County, Frazee, J.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.