■ In the Matter of RIDGE, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [684 NYS2d 251] —Proceeding pursuant to CPLR article 78 to review two determinations of the New York State Liquor Authority, (1) dated May 7, 1997, which found the petitioner guilty of selling alcoholic beverages to a minor on August 20, 1996, revoked the petitioner's license, and imposed a $1,000 bond forfeiture, and (2) dated July 23, 1997, which, after a hearing, found the petitioner guilty of selling alcoholic beverages to a minor on January 19, 1996, and on June 24, 1996, revoked the petitioner's license "for the record only", and imposed a $10,000 civil penalty and a two-year proscription on relicensing the offending premises.

Adjudged that the petition is granted, on the law, without costs or disbursements, (1) the determination dated May 7, 1997, is annulled, the penalty imposed with respect to the charge of selling alcoholic beverages to a minor on August 20, 1996, is vacated, and the matter is remitted for a hearing with respect to that charge, and (2) the determination dated July 23, 1997, is annulled, the penalty imposed with respect to the charges of selling alcoholic beverages to a minor on January 19, 1996, and on June 24, 1996, is vacated, and those charges are dismissed.

On October 25, 1996, the New York State Liquor Authority (hereinafter the Authority) served the petitioner with a notice of pleading alleging that it sold alcoholic beverages to a minor on August 20, 1996. The petitioner offered to plead "no contest" to the charge in exchange for a civil penalty not more than $3,000 and a suspension of its license for not more than 30 days. While the petitioner's offer was pending, the Authority commenced a second proceeding by serving another notice of pleading dated January 15, 1997, alleging that the petitioner sold alcoholic beverages to a minor on January 19, 1996, and on June 24, 1996. The petitioner amended its offer to encompass

the additional charges. One week later, the Authority made a counter-offer, agreeing to accept a plea of no contest to the first notice of pleading in exchange for payment of a $6,000 fine. The Authority further advised the petitioner that if it did not pay the $6,000 fine within 20 days, its counter-offer would then be revocation of the petitioner's liquor license and a "$1,000 bond claim". The petitioner initially agreed to accept the Authority's counter-offer of a $6,000 fine, but attempted to withdraw its plea of no contest when it realized that the counter-offer did not encompass the charges contained in the second proceeding. The Authority refused to permit the petitioner to withdraw its plea in the first proceeding, and ultimately imposed the alternate penalty of revocation and a $1,000 bond forfeiture.

Under the circumstances of this case, we agree with the petitioner's contention that the Authority's determination to impose the alternate penalty rather than to allow it to withdraw its plea of no contest was improper. Although it is permissible for the Authority and its licensees to bargain for reduced penalties in exchange for pleas of no contest (*see, Matter of Nostima Foods v State Liq. Auth.*, 71 NY2d 648, 652), here the record supports the petitioner's claim that it never agreed to accept the Authority's alternate counter-offer of revocation and a $1,000 bond forfeiture. Moreover, the petitioner apprised the Authority that its acceptance of the original counter-offer had been due to a misunderstanding before the Authority made its determination to impose the alternate penalty. Accordingly, the Authority's decision to unilaterally impose the alternate penalty rather than afford the petitioner a hearing deprived the petitioner of due process (*see, Matter of Ginny Rest. v State Liq. Auth.*, 203 AD2d 973; *cf., Matter of Panky Wine & Liq. Corp. v New York State Liq. Auth.*, 218 AD2d 658).

The petitioner further contends that the Authority's determination that it committed two additional violations on January 19, 1996, and July 24, 1996, is not supported by substantial evidence. We agree. The record discloses that the Authority presented no witnesses at the hearing, and its determination was based solely upon hearsay evidence. Although such evidence may, under appropriate circumstances, form the sole basis for an agency's ultimate determination (*see, Matter of Gray v Adduci*, 73 NY2d 741; *Matter of A.J. & Taylor Rest. v New York State Liq. Auth.*, 214 AD2d 727), hearsay evidence which is seriously controverted may fail to provide the substantial evidence necessary to support the Authority's determination (*see,*

*Matter of Fellowman Community Dev. Corp. v New York State Liq. Auth.*, 219 AD2d 871; *Matter of Karam v New York State Liq. Auth.*, 163 AD2d 869). Here, the unsworn statement of the minor who allegedly purchased beer from the petitioner's premises on January 19, 1996, which was controverted by the testimony of the petitioner's president, did not constitute substantial evidence to support the Authority's finding (*see, Matter of Fellowman Community Dev. Corp. v New York State Liq. Auth., supra; Matter of Karam v New York State Liq. Auth., supra*). Moreover, the unsigned "Police Referral Form", which was the only evidence submitted in support of the July 24, 1996, charge, was not sufficiently probative to establish the Authority's case. We therefore annul the Authority's determination dated July 23, 1997, that the petitioner violated the Alcoholic Beverage Control Law on January 19, 1996, and July 24, 1996, and dismiss those charges. Bracken, J. P., Santucci, Krausman and Florio, JJ., concur.