■ In the Matter of HOGS & HEIFERS, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [741 NYS2d 525] —Determination of respondent State Liquor Authority, dated October 30, 2000, suspending petitioner's liquor license for 10 days and imposing a $5000 civil penalty, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Louis York, J.], entered on or about February 15, 2001), dismissed, without costs.

Substantial evidence that petitioner violated Alcoholic Beverage Control Law § 65 (1) was provided by the undercover police officer's testimony that her partner, an undercover auxiliary police officer, was served two alcoholic beverages by petitioner's bartender without being asked for identification, and the auxiliary police officer's affidavit and identification card showing that he was only 20 years old at the time (*see, O.F.B., Inc. v New York State Liq. Auth.,* 212 AD2d 373). Although the videotapes submitted by petitioner in defense of this charge were inadvertently lost by respondent, the record is adequate to afford complete review. Upon such review, we find that the videotapes raised questions of credibility that were properly resolved. The expressly discredited testimony of petitioner's witness, who was not on the premises at the time, that a certain person depicted on the videotape as causing a distraction was an undercover police officer and that another person who entered during the distraction was the underage decoy, was pure speculation squarely denied by the credited testimony of the undercover officer who acted as the decoy's ghost. Substantial evidence also supports the findings that petitioner failed to maintain adequate records of its business on the licensed premises in violation of Alcoholic Beverage Control Law § 106 (12), kept contaminated liquor on the premises in

violation of Alcoholic Beverage Control Law § 106 (2) (*see, Matter of Oak Beach Inn Corp. v New York State Liq. Auth.*, 269 AD2d 191, *lv denied* 95 NY2d 754; *cf., Matter of Salvati v Eimicke*, 72 NY2d 784, 791), and failed to conform to local health regulations in violation of 9 NYCRR 48.3. We need not decide whether any part of the fine was improperly imposed for the violation involving the contaminated liquor (*see, Matter of Dumbarton Oaks Rest. & Bar v New York State Liq. Auth.*, 58 NY2d 89, 93-94), or the violation involving the health regulations for which petitioner paid a fine to the Department of Health, since the penalty would not shock our sense of fairness even if such violations had never been charged. Concur—Tom, J.P., Mazzarelli, Buckley, Lerner and Gonzalez, JJ.