■ In the Matter of BARNEY CASSIDY et al., Respondents, v NEW YORK CITY DEPARTMENT OF CORRECTION et al., Appellants. — Order of the Supreme Court, New York County (Arnold Fraiman, J.), entered March 30, 1982, which, *inter alia,* denied the cross motion by respondents for judgment dismissing the petition with leave to join necessary parties, or, alternatively, dismissing the petition unless petitioners joined all necessary parties, is modified, on the law and facts and in the exercise of discretion, respondents' cross motion for

judgment dismissing the petition is granted unless notice of the pending proceeding, including copies of the pleadings and the decision and order of this court, are served upon the 146 additional persons who passed the subject civil service examination as a result of rescaling by the respondents, and otherwise affirmed, without costs. Such notice shall be by certified mail, return receipt requested, and shall be completed within 30 days after the date of the order entered hereon. Petitioners are employees of the respondent New York City Department of Correction. They are among 513 persons who took and initially passed examination number 0685 for promotion to the position of captain. The exam consisted of a written portion with a weight of 40 and a portion scored on the basis of performance and seniority with a weight of 60. Subsequent to the initial grading of the exam, but prior to the establishment of an eligible list, the respondent New York Department of Personnel determined that all candidates should be awarded two additional points on the written portion. As a result of this rescaling, an additional 146 persons passed the written portion of the examination. With the addition of the performance and seniority scores, many of these added candidates placed ahead of persons who had originally passed the written part without the addition of the two points. Petitioners commenced this CPLR article 78 proceeding seeking to enjoin, before their own promotion, the promotion of any of the 146 persons who passed the examination after the rescaling. They allege that the rescaling "was conducted in a fashion that was arbitrary, capricious, in bad faith, unreasonable, unjust, an abuse of discretion not based on fact or law and a denial of due process." Petitioners sought a preliminary injunction and respondents cross-moved for an order dismissing the petition with leave to join the 146 candidates or, alternatively, dismissing the petition unless petitioners joined them. Special Term denied both the application for a preliminary injunction and respondents' cross motion to dismiss. Respondents' motion for reargument or leave to appeal was granted to the extent of granting respondents leave to appeal pursuant to CPLR 5701 (subd [c]). In denying the cross motion, Special Term observed that: "Where, as here, the sole effect of the granting of the petition would be to change the places of non-parties on an eligible list, they are not indispensible [sic] parties to the proceeding." CPLR 1001 (subd [a]) provides that: "Parties who should be joined. Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants". As the Court of Appeals has noted, the fundamental purpose of joinder is "to implement a requisite of due process — the opportunity to be heard before one's rights or interests are adversely affected" (*Matter of Martin v Ronan,* 47 NY2d 486, 490). While a person whose name appears on an eligible list does not have a vested right to promotion (*Hurley v Board of Educ.,* 270 NY 275, 279), he or she does gain an enforceable right to be considered for an available position (see *Matter of Yates v Grecco,* 85 AD2d 817). So long as a list is in force, promotions can be made only from the list (*Matter of Frank v Tishelman,* 72 AD2d 604), and then only by selecting "one of the three persons certified by the appropriate civil service commission as standing highest on such eligible list who are willing to accept such * * * promotion" (Civil Service Law, § 61, subd 1). Thus, not only is appearance on an eligible list important, but, contrary to Special Term's finding, one's place on a list could affect quite significantly one's chances to be considered for promotion. We do not deem it necessary to decide whether the 146 "additional" successful candidates must be joined as parties in the action. In an article 78 proceeding, a court, if it determines that any other person has an interest in the proceeding, can require that such person be notified and it may allow an

interested party to intervene (see CPLR 7802, subd [d]). The above analysis of the effect of any judgment in this action upon the 146 persons who passed the examination as a result of the rescaling demonstrates beyond doubt that they are, at the very least, "interested" parties. Due process dictates that notice and an opportunity to intervene be given them. Concur — Carro, Asch, Bloom and Alexander, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm for the reasons stated by Special Term. The motion by respondents to require the petitioners to notify the 146 candidates who were placed on the eligible list as a result of the rescaling of the test scores can be seen merely to be a ploy to put an unfair burden on the petitioners. The court at Special Term stated that if any or all of the 146 candidates seeks to intervene, he should be permitted to do so. Further, it is readily apparent that information as to the situation with respect to the eligible list would be common knowledge to those interested. There can be no gainsaying that notice to the 146 candidates, who may be in jeopardy by this proceeding, could be a proper procedure. However, if it is a requirement, it should be imposed upon the respondents who created the original problem rather than upon the petitioners who may have been injured thereby.