■ In the Matter of GEORGE SAMUEL et al., Respondents-Appellants, v JUAN U. ORTIZ, as Personnel Director of the City of New York, Appellant-Respondent. — Judgment, Supreme Court, New York County (David B. Saxe, J.), entered December 3, 1982, which, in a CPLR article 78 proceeding seeking, *inter alia,* the annulment of a written civil service examination for the position of custodial assistant and a direction to hold an unwritten competitive examination for that position, denied a motion by the respondent Personnel Director of the City of New York to dismiss the petition, and which vacated and annulled the written civil service examination and directed the holding of an unwritten competitive examination, reversed, on the law, without costs, and the matter is remanded to permit the respondent to serve an answer to the petition within 20 days of an order to be settled on notice and entered herein.

In a notice of examination published November 9, 1981, the respondent Personnel Director of the City of New York announced that on April 24, 1982 a written, multiple-choice competitive examination would be given for the civil service position of custodial assistant. The announcement defined generally the duties and responsibilities of the position as follows: "Under close supervision, performs work of ordinary difficulty in cleaning public buildings and their immediate grounds; performs related light labor duties; performs related work." The announcement further specified: "There are no formal education or experience requirements for this position."

On January 28, 1982 an official of District Council 37, AFSCME, AFL-CIO, which includes among its constituent unions Local 1597, the bargaining representative for custodial assistants, wrote a letter to respondent, asserting that some 50% of the provisional employees presently serving in the title are Spanish speaking, and requesting that the examination be also given in Spanish. In a letter dated March 30, 1982, respondent refused the request, explaining that custodial assistants should be able to read assignment sheets, equipment instructions, caution signs and other similar items "commonly written in English."

The examination was given as scheduled on April 24, 1982. More than 2,100 persons took the test.

Petitioners commenced an article 78 proceeding on June 17, 1982, seeking, *inter alia,* a judgment nullifying and invalidating the examination and directing the scheduling and holding of an unwritten competitive examination for the position. It was asserted in the petition that one of the individual petitioners, a provisional employee, had been unable to take the test because he could not read or write English, and that two others, also provisional custodial assistants, undertook to take the examination but were unable to complete it because of their difficulty in understanding written English.

Alleging that all previous permanent custodial assistant appointments had been based on the results of unwritten competitive examinations, and that the job description did not include the capacity to read or write in any language, it was contended that the examination given violated subdivision 6 of section 50 of the Civil Service Law in that it did not "fairly test the relative capacity and fitness of the persons examined to discharge the duties of that service into which they seek to be appointed."

In addition to the prayers for relief set forth above, the petition sought a temporary restraining order and preliminary injunction to restrain respondent from promulgating an eligible list from the examination and making appointments therefrom "in order to prevent additional rights from arising" and to prevent irreparable harm.

By cross motion returnable July 9, 1982, respondent opposed the application for a preliminary injunction and moved pursuant to CPLR 7804 (subd [f]) to dismiss the petition on the grounds (1) that the petition was premature in seeking to challenge a nonfinal administrative determination, and (2) that petitioners had failed to join as necessary parties under CPLR 1001 (subd [a]) more than 2,100 persons who had taken the examination. Respondent further contended that Local 1597, District Council 37, AFSCME, AFL-CIO lacked standing to maintain this proceeding since inherent in the relief sought was a conflict among those members of the union who might be differently affected by the relief requested.

In a judgment entered December 3, 1982, Special Term granted the cross motion only to the extent of dismissing Local 1597 as a petitioner, a determination not challenged on this appeal. In addition, and without affording respondent an opportunity to answer the petition, Special Term addressed the merits, invalidated the examination, and ordered respondent to schedule and hold an unwritten competitive examination within 90 days of entry of judgment.

As to the claim of prematurity, we agree with Special Term that under the circumstances here presented the holding of the examination was a "final and binding" determination within the meaning of CPLR 217. As the Court of Appeals observed in *Matter of Martin v Ronan* (44 NY2d 374, 380), "we must first ascertain what is the determination sought to be reviewed." Manifestly the essential determination sought to be reviewed here was the decision of the city Personnel Director to proceed with a written examination in English in the face of the contention that such an examination would be grossly unfair to Spanish-speaking provisional employees.

As here pertinent, the policy underlying the dismissal for prematurity of article 78 proceedings before a final and binding determination is to preclude the initiation of litigation that may thereafter become academic. In this case it is clear that once the test was given in the language that petitioners could neither read nor write, the damage to them was fixed and irreparable. We see no compelling basis in logic or law to require petitioners, who were unable to take or complete the test, to wait until the results were promulgated before being permitted to challenge the propriety of the test on the grounds asserted. In any event, respondent did promulgate an eligibility list on the basis of the test results, and made appointments from that list after the proceeding was commenced and after the motion to dismiss on the grounds of prematurity had been made. Under these circumstances, dismissal on the ground of prematurity seems to us singularly inappropriate.

Turning to the issue raised by respondent's contention that petitioners had failed to join necessary parties pursuant to CPLR 1001 (subd [a]), we note, although it is not set forth in the record, that even prior to the judgment appealed from an eligible list was promulgated on August 4, 1982, disclosing that 1,918 had passed, and that in September, 1982, 406 appointments to the position of permanent custodial assistant were made. Under the principles set forth by the Court of Appeals in *Matter of Martin v Ronan* (47 NY2d 486, 490), it is apparent that the 406 persons who have already been appointed to the position of permanent custodial assistant are necessary parties within the meaning of CPLR 1001 (subd [a]), and accordingly are required to be joined as parties. As to the remaining persons who passed the test but who have not yet been appointed, they are entitled to notice of this action and an opportunity to intervene if they so desire. (*Matter of Cassidy v New York City Dept. of Correction,* 95 AD2d 733).

Finally, Special Term erred in determining the merits of the proceeding without affording the city Personnel Director an

opportunity to serve an answer upon the denial of his motion to dismiss. As this court recently observed, CPLR 7804 (subd [f]) is explicit that on the denial of such a motion "the court shall permit the respondent to answer, upon such terms as may be just". (*Matter of 230 Tenants Corp. v Board of Stds. & Appeals,* 101 AD2d 53, see *Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educational Servs.,* 63 NY2d 100.)

Accordingly, the parties are directed to settle an order consistent with that which has been set forth herein, permitting respondent to serve an answer, providing for joinder of the necessary parties, and setting forth a procedure for notice to those parties entitled to such notice and an opportunity to intervene. Settle order. Concur — Sandler, J. P., Silverman, Fein and Kassal, JJ.