(October 22, 1985)

■ In the Matter of CORA JOHNSON, Respondent, v JOSEPH CHRISTIAN, as Chairman of the New York City Housing Authority, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Margaret Taylor, J.), entered February 1, 1984, granting the application to the extent of vacating appellant's determination which had terminated petitioner's tenancy and remanding the matter to the Housing Authority for reconsideration, unanimously reversed, on the law, without costs or disbursements, the application denied and the petition dismissed.

Petitioner and her two sons, Lorenzo and Harold, had resided at the Polo Grounds Towers, one of appellant's housing projects, for 17 years, since August 1, 1968. In July 1980, petitioner received a notice that a hearing would be held to terminate her tenancy on grounds of nondesirability, based upon specified acts of misconduct and violence by her sons, which included, *inter alia,* unlawful harassment and menacing, setting a fire within the project, taking personal property from another tenant, possession of a knife on project grounds and assault. At the hearing to consider the charges, it was

stipulated that petitioner would be placed on probation for a one-year period. However, on April 6, 1981, during the probationary period, petitioner's son Harold assaulted a tenant with a screwdriver, causing physical injury. Accordingly, on August 12, 1981, appellant scheduled a hearing to consider termination of petitioner's tenancy. At this hearing on September 11, 1981, petitioner admitted the charge and, on October 21, 1981, appellant issued its determination, terminating petitioner's tenancy on the ground of "Violation of probation—Non-Desirability."

Thereafter, on December 8, 1981, appellant commenced a holdover proceeding in the Civil Court. By stipulation entered into January 5, 1982, petitioner consented to a final judgment of possession in favor of appellant, with a stay of issuance of a warrant of eviction until July 5, 1982, which was subsequently extended to November 30, 1982.

Although no proceeding had been commenced to review the original determination within the four-month limitations period, contained in CPLR 217, on November 29, 1982, petitioner, through counsel, requested that the matter be reopened and that a hearing be held to reconsider her continued tenancy on the ground that her son Harold no longer resided in the apartment, since he had been remanded by the Family Court and placed in a detention facility. On December 2, 1982, appellant denied the application and, thereafter, this proceeding was instituted on March 4, 1983 to review the denial of petitioner's request to reopen and vacate the original determination.

On review of the record, we are in agreement that Special Term erred in granting the application and remanding the matter for further consideration. In so doing, it held that the Statute of Limitations ran from denial of the request for reconsideration and, therefore, the petition was timely. To the contrary, an application to reconsider an administrative determination does not extend the original four-month limitations period within which a proceeding for judicial review must be commenced. *(Matter of De Milio v Borghard,* 55 NY2d 216, 220; *Matter of Davis v Kingsbury,* 30 AD2d 944, *affd* 27 NY2d 567; *Matter of Fiore v Board of Educ.,* 48 AD2d 850, *affd* 39 NY2d 1016; *Matter of Williamson v Fermoile,* 31 AD2d 438, *affd* 26 NY2d 731.) These and other cases hold that a request or application for reconsideration does not serve to extend the time to commence an article 78 proceeding. Although we recognized in *Matter of Davis v Kingsbury (supra),* that a different result would obtain where a hearing on application

for reconsideration is mandated, it has not been shown that appellant's rules or regulations required that such a rehearing be held. In the absence of such a provision requiring a rehearing, the original order constituted a final determination. The application to renew did not extend the period within which an article 78 proceeding could be brought. *(See, Matter of Hall v Leonard,* 260 App Div 591, 595, *affd* 285 NY 719.)*

It clearly appears on this record that the original determination became final and binding on October 21, 1981 and that judicial review was not sought within the applicable four-month limitations period. (CPLR 217.) Further, the record shows that petitioner did not contemplate seeking such review since, 2½ months after the determination, she entered into a stipulation in the summary holdover proceeding, consenting to the entry of a final judgment of possession in favor of appellant. Having failed to timely institute an article 78 proceeding, her right to do so was not revived by her application for reconsideration, made more than one year after the original determination and more than 10 months after she had consented to the disposition in the summary proceeding. Concur —Murphy, P. J., Sandler, Asch, Kassal and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIE SOTO, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered on April 4, 1984, unanimously affirmed.