■ In the Matter of FRANCES RAPPO, Respondent, v CITY OF NEW YORK HUMAN RESOURCES ADMINISTRATION, Appellant.— Order, Supreme Court, New York County (Kenneth L. Shorter, J.), entered November 26, 1984, granting appellant's motion for reargument and, upon reargument, adhering to its original determination in a judgment (same court) entered August 9, 1984, which denied appellant's cross motion to dismiss the petition, *inter alia,* upon the ground that it was barred by the Statute of Limitations, and granted the petition to the extent of remanding the matter for a hearing, unani-

mously reversed, on the law, without costs or disbursements, the judgment vacated, the cross motion granted and the petition dismissed.

Petitioner was employed by appellant as a provisional senior stenographer on January 17, 1972 and, in 1978, she was appointed a provisional human resources specialist. After suffering emotional problems and having undergone treatment by a personal psychiatrist in 1981, she was directed in September 1982 to submit to an examination by a psychiatrist designated by appellant, after her supervisor concluded that "personal problems" interfered with her work. On November 15, 1982, she was taken by ambulance for psychiatric treatment at Bellevue Hospital and, thereafter, was involuntarily hospitalized at Elmhurst Hospital until December 1982. She was granted a medical leave of absence until February 1983 and was told that before returning to work it would be necessary for her to be examined by her physician and by a Human Resources Administration (HRA) designated psychiatrist. On February 7, 1983, the HRA physician concluded that petitioner's condition had sufficiently improved for her to return to work. She reported to her office by telephone the following day and was told that she could not return to her former position since "there was no line available". On March 4, 1983, she was offered another position which represented a demotion to office associate with a $7,000 decrease in pay.

Thereafter, petitioner initiated a grievance procedure under Civil Service Law § 75. She also claims that she lapsed into a severe depression which lasted from March to July 1983 and did not return to work, despite an April 27, 1983 notice that she do so. In May 1983, she was charged with misconduct for having taken the unauthorized leave of absence and a hearing was scheduled for May 24, 1983. The hearing was adjourned and never held, the charges against her having been withdrawn on August 25, 1983, three days after she returned to work.

This CPLR article 78 proceeding was commenced on November 23, 1983. In lieu of answering, appellant moved to dismiss, contending, *inter alia,* that the proceeding had not been commenced within the four-month limitations period provided in CPLR 217. Special Term denied the motion but, instead of affording appellant its right to answer (CPLR 7804 [f]), granted the petition to the extent of directing HRA to proceed with a hearing on petitioner's several claims that her rights had been violated as a result of her involuntary medical leave

and her demotion in position and salary. Upon reargument, the court adhered to its original determination.

On review of the record, we are in agreement that Special Term erred in denying the motion to dismiss the petition as untimely under CPLR 217, whether the proceeding be considered one for mandamus to review or mandamus to compel. In *Matter of De Milio v Borghard* (55 NY2d 216, 219-220), the Court of Appeals distinguished between the different types of article 78 proceedings which had replaced the prerogative writs of certiorari, mandamus and prohibition, in terms of the applicable Statute of Limitations. Thus, where an employee is entitled to and does receive a hearing before discharge from his position, the proceeding is in the nature of certiorari to review and the limitations period commences to run from the date the administrative determination becomes final and binding. Where such an employee is deprived of a right to a hearing, the remedy is in the nature of mandamus to compel and must be commenced within four months from the date a demand for reinstatement was refused. Where, however, an employee is not entitled to a hearing prior to discharge, the remedy is mandamus to review and, since the issue in such a proceeding is whether the determination was arbitrary or capricious, the limitations period runs from notice of the discharge or the effective date of the discharge, if it be later.

As applied here, appellant claims that petitioner was and remained a provisional employee since she never took the examination required to transfer her from provisional to permanent status. Petitioner, on the other hand, claims she did take the examination but was never notified of her permanent status. There is no proof in the record to support this claim and, as far as appears, this proceeding is in the nature of mandamus to review. Accordingly, the limitations period ran from either the date petitioner lost her higher position (Feb. 8, 1983) or, at the latest, when she was notified of her new position and demotion (Mar. 4, 1983). In either case, the four-month limitations period had expired when this proceeding was commenced in November 1983.

In any event, even were we to consider the proceeding as seeking relief in the nature of mandamus to compel, petitioner's time ran from appellant's refusal to reinstate her after demand, which was immediately after petitioner's demotion. To the extent the proceeding also challenges her involuntary hospitalization and medical leave, the doctrine of laches proscribes undue delay in demanding reinstatement, which demand must be made within a reasonable time *(see, Austin v*

*Board of Higher Educ.,* 5 NY2d 430, 442). Similarly, it has been held that applications for reconsideration do not extend the four-month limitations period *(Matter of De Milio v Borghard, supra,* at p 220; *Matter of Johnson v Christian,* 114 AD2d 321; *Matter of Davis v Kingsbury,* 30 AD2d 944, *affd* 27 NY2d 567).

Were we not dismissing the petition, we would reverse and vacate the judgment to allow appellant to answer under CPLR 7804 (f) *(see, Matter of Nassau BOCES Cent. Council v Board of Coop. Educ. Servs.,* 63 NY2d 100, 103; *Matter of Samuel v Ortiz,* 105 AD2d 624, 626-627; *Matter of 230 Tenants Corp. v Board of Stds. & Appeals,* 101 AD2d 53; *Matter of DeVito v Nyquist,* 56 AD2d 159, 161, *affd* 43 NY2d 681). Special Term erred in disposing of the proceeding on the merits, especially in light of the express direction in CPLR 7804 (f) that, where a motion to dismiss the petition is denied, "the court shall permit the respondent to answer, upon such terms as may be just". Concur—Murphy, P. J., Sandler, Fein, Kassal and Ellerin, JJ.