■ In the Matter of JAMES BURRELL, Petitioner, v JUAN U. ORTIZ, as Personnel Director of the City of New York, et al., Respondents.—Petition, brought pursuant to CPLR article 78, transferred to this court by order, Supreme Court, New York County (Alvin F. Klein, J.), entered February 5, 1986, to review and annul respondents' determination, dated February 2, 1984, which terminated petitioner as a New York City Transit Authority police officer as a result of his "Character & Summons Record", unanimously granted to the extent of remanding the matter to the Supreme Court for service of an answer and for further proceedings, and the cross motion to dismiss denied, without costs or disbursements.

This article 78 proceeding was commenced to review and annul the determination of respondents which dismissed petitioner as a New York City Transit Authority police officer, based upon his responses to a questionnaire which included, *inter alia,* his denial of prior narcotics use. While petitioner admitted "playing with drugs while young", he claimed he successfully completed an 18-month drug rehabilitation program. Although petitioner was terminated on February 2, 1984, he was kept on the payroll pending his administrative appeals. After an evidentiary hearing, the Civil Service Commission, on October 3, 1984, affirmed the Personnel Director's determination and petitioner was thereafter notified of his termination on October 17, 1984. He then sought reargument, which was denied February 8, 1985. This proceeding was commenced May 30, 1985. In lieu of answering the petition, respondents moved to dismiss, contending that the proceeding

had not been commenced within the four-month limitations period provided in CPLR 217.

Special Term, instead of passing upon the cross motion to dismiss, transferred the proceeding to this court, pursuant to CPLR 7804 (g). This was error since this proceeding does not involve an issue of substantial evidence under CPLR 7803 (4). The hearing before the Civil Service Commission was not one held "pursuant to direction by law" (CPLR 7803 [4]) and, therefore, transfer to this court was improper. In such case, the Supreme Court must decide whether the challenged determination was arbitrary and capricious. No issue of substantial evidence was raised *(see, Matter of D'Ornellas v Ortiz,* 119 AD2d 459, 461; *Matter of Save the Pine Bush v Planning Bd.,* 83 AD2d 741). Nevertheless, despite the improper transfer, we are required to retain jurisdiction and determine all the issues raised *(Matter of 125 Bar Corp. v State. Liq. Auth.,* 24 NY2d 174, 180; *Matter of D'Ornellas v Ortiz, supra).*

On this record, we cannot finally resolve the Statute of Limitations issue. Petitioner was informed of the determination dismissing him from his position on October 17, 1984. As noted, he thereafter sought reargument, which was denied February 8, 1985. The proceeding was commenced within four months of the latter date but beyond the four-month limitation period measured from the date of the final determination.

It has been generally held that applications for reconsideration do not extend the four-month limitations period *(Matter of De Milio v Borghard,* 55 NY2d 216, 220; *Matter of Rappo v City of New York Human Resources Admin.,* 120 AD2d 339, 342; *Matter of Johnson v Christian,* 114 AD2d 321, 322; *Matter of Davis v Kingsbury,* 30 AD2d 944, *affd* 27 NY2d 567). However, the record here includes a letter from the city to petitioner's attorney, dated October 26, 1984, deeming counsel's October 22nd letter as a motion to reargue the October 3rd determination and providing: "In the meantime, our above captioned determination will be suspended, pending our considering your motion for reargument." Whether this notice operated to suspend the finality of respondents' determination for limitations purposes cannot be determined on this record.

Accordingly, we grant the petition only to the extent of remitting the matter to the Supreme Court to afford respondents an opportunity to answer under CPLR 7804 (f) and for further proceedings *(see, Matter of Nassau BOCES Cent. Council v Board of Coop. Educ. Servs.,* 63 NY2d 100, 103; *Matter of Rappo v City of New York Human Resources Admin., supra,* at

342; *Matter of Samuel v Ortiz,* 105 AD2d 624, 626-627; *Matter of 230 Tenants Corp. v Board of Stds. & Appeals,* 101 AD2d 53; *Matter of DeVito v Nyquist,* 56 AD2d 159, 161, *affd* 43 NY2d 681). Concur—Murphy, P. J., Kupferman, Milonas, Kassal and Wallach, JJ.