■ In the Matter of ROYAL SAMMIS, Petitioner, v CARLOS RIVERA, as Commissioner of the New York City Fire Department, et al., Respondents. [599 NYS2d 986] —Proceeding pursuant to CPLR article 78 to review a determination of Carlos Rivera, Commissioner of the New York City Fire Department, dated April 16, 1990, which, after a hearing, found that the petitioner had possessed a controlled substance and terminated his employment.

Adjudged that the determination is confirmed and the proceeding dismissed on the merits, with costs.

Contrary to the petitioner's contention, we find that the Commissioner's determination to terminate his employment based upon his possession of heroin on May 23, 1989 was supported by substantial evidence in the record *(see, Matter of Lahey v Kelly,* 71 NY2d 135; *Matter of Berenhaus v Ward,* 70 NY2d 436; CPLR 7803 [4]).* Indeed, the petitioner's argument for suppression of the heroin recovered from his vehicle is unavailing since, under the circumstances presented here, the exclusionary rule had no application in this proceeding *(see, Boyd v Constantine,* 81 NY2d 189; *People v Drain,* 73 NY2d

107; *People v McGrath,* 46 NY2d 12, *cert denied* 440 US 972). Similarly, the petitioner's argument that the recent decision of the Court of Appeals in *Boyd v Constantine (supra)* should be applied only in a prospective fashion is devoid of merit, since there is no reason in this case to depart from the general rule that current decisional law will be applied to all cases still in the normal litigating process *(see, Gager v White,* 53 NY2d 475, 483). Sullivan, J. P., Lawrence, Copertino and Santucci, JJ., concur.