(December 9, 1993)

■ In the Matter of RUTH JOYNER, Petitioner, v CATHERINE ABATE, as Correction Commissioner of the City of New York, et al., Respondents. [605 NYS2d 32] —Determination of the respondent Correction Commissioner, dated March 12, 1992, dismissing petitioner from her position as a correction officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Peter Tom, J.], entered on or about September 16, 1992), is dismissed, without costs or disbursements.

Substantial evidence supports respondent's finding that petitioner knowingly ingested cocaine. Randomly chosen to submit to drug testing, petitioner was asked to provide urine samples for that purpose. The specimen provided by petitioner, which she personally sealed and initialed in two vials, appeared suspicious to the technician, whereupon petitioner was made to provide another specimen. This specimen was given under observation, which petitioner claims was not sealed by her or in front of her. All of the samples tested positive. Concerned over what she perceived to be irregularities, petitioner immediately went to a hospital emergency room where she underwent her own toxicology screening, and at the hearing, she adduced evidence that the results of these tests were negative. This proof, which, we note, was not supported by evidence of chain of custody, was not credited by respondent, a determination not for the courts to review *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 230; *Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444). Moreover, "the positive results of an EMIT test, when confirmed with the results of a second EMIT test, constitut[e] substantial evidence" of drug use *(Matter of Lahey v Kelly,* 71 NY2d 135, 138). Thus, even if the second urine sample petitioner provided were to be discarded because she had not sealed it, she still had two positive EMITs on the

first sample, constituting substantial evidence of cocaine ingestion. Finally, the penalty of dismissal is not so disproportionate to the offense as to shock one's sense of fairness. Dismissal is not an inappropriate penalty for a correction officer found guilty of ingesting illegal drugs and then attempting to conceal it *(cf., Matter of Berenhaus v Ward, supra,* at 445). Concur —Murphy, P. J., Rosenberger, Ross and Nardelli, JJ.