■ In the Matter of THOMAS MURPHY, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [613 NYS2d 268] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority dated March 10, 1992, which, after a hearing, found that the petitioner had used a controlled substance and terminated the petitioner's employment as a patrol officer with the New York City Transit Police Department.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The determination that the petitioner had used a controlled substance in violation of the respondents' regulations is supported by substantial evidence *(see, Matter of Lahey v Kelly,* 71 NY2d 135; *see also, Matter of Berenhaus v Ward,* 70 NY2d 436; *Matter of Sammis v Rivera,* 194 AD2d 612; CPLR 7803

[4]). We note that the scientific tests which confirmed the presence of a controlled substance in a sample of the petitioner's urine have been held to be reliable *(see, Matter of Lahey v Kelly, supra; Matter of Joyner v Abate,* 199 AD2d 56). Moreover, the penalty of dismissal is not so disproportionate to the nature of the petitioner's offense so as to shock one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Dismissal is not an inappropriate penalty for a transit police officer involved in criminal conduct *(see, Matter of Berenhaus v Ward, supra,* at 445). Sullivan, J. P., Balletta, Joy and Friedmann, JJ., concur.