■ In the Matter of FRANCIA GOMEZ, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION, Appellant. [856 NYS2d 603]—

Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 2, 2007, granting the petition and annulling respondent's determination to permanently revoke petitioner's school bus driver certification, affirmed, without costs.

On April 26, 2006, when petitioner, a school bus driver since 1998 with a previously unblemished employment record, reported for work, she was notified that she had been randomly selected to appear at a Queens laboratory for a drug test and that her failure to submit to such test on that date might result in her decertification. It is undisputed that, instead of going to the laboratory, petitioner kept a previously scheduled appoint-

ment with her doctor in the Bronx and did not go to the laboratory to be tested for drugs until the next morning, which test yielded a negative result. Although respondent's disciplinary conference officer found that petitioner presented a very sympathetic argument regarding the importance of her doctor's appointment, she nevertheless found that the permanent revocation of petitioner's bus driver certification was an appropriate penalty due to her failure to timely report for a random drug test on the appointed date. Respondent concurred and, in its determination dated October 13, 2006, placed petitioner on the Department of Education invalid list.

It goes without saying that an administrative agency cannot impose a penalty not provided for by statute or by its own rules or regulations and written policies. In this case, despite the statement of respondent's counsel at the administrative hearing that the Office of Pupil Transportation has "zero tolerance for drug use," respondent failed to present any evidence of such a policy (compare Matter of Rice v Belfiore, 13 Misc 3d 1223[A], 2006 NY Slip Op 51953[U] [2006] [record did not support petitioner's claim that respondents adopted an unwritten zero tolerance policy which required a police officer's termination after he tested positive for marijuana use pursuant to a random drug test]). On the contrary, chapter 6 of title 17 of the Administrative Code of the City of New York, which governs "Drug Testing of School System Conveyance Drivers," merely provides that "[a]ny driver who refuses to take a drug test shall immediately be removed from active duty for a period of at least one year and shall not return to active duty until passing a return to active duty drug test" (Administrative Code § 17-610 [c]).

Accordingly, as found by Supreme Court, even assuming that petitioner's failure to take the test on the appointed date and her taking it one day late may be considered a "refusal" to take the test, there is simply no provision that a driver who refuses to take a randomly scheduled drug test shall be permanently decertified as a bus driver. Thus, the penalty imposed was arbitrary and capricious as a matter of law. Moreover, as also noted by Supreme Court, since at the time of its judgment petitioner had not been on active duty for over a year, a remand to respondent for consideration of an appropriate penalty is unnecessary. Concur—Mazzarelli, J.P., Andrias and Acosta, JJ.

Williams and Buckley, JJ., concur in a separate memorandum by Buckley, J., as follows: Because the penalty imposed (revocation of petitioner's school bus driver certification) for petitioner's failure to appear for a drug test was harsher than the penalty

permitted under the pertinent rules if she had taken the test and failed, the penalty imposed was so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]), and therefore should be annulled and the matter remanded to the Department for imposition of an appropriate, lesser penalty.