■ In the Matter of BABACAR NIANG, Petitioner, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [27 NYS3d 144]—

Determination of respondents (collectively, DOE), dated August 20, 2013, which permanently revoked petitioner's certification to drive a school bus for failure to submit to a drug test on the day of his accident, unanimously annulled, without costs, the petition granted, the certification reinstated, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Margaret A. Chan, J.], entered Jan. 2, 2015), remanded for a determination of incidental damages, if any.

Even if the article 78 court improperly transferred this proceeding to this Court, we are required to retain jurisdiction and determine the issues raised, applying the arbitrary and capricious standard of review (*see Matter of Burrell v Ortiz*, 128 AD2d 391, 392 [1st Dept 1987]). Respondents' determination revoking petitioner's certification to drive a bus is arbitrary and capricious and contrary to its own regulation.

While DOE implemented a new policy regarding substance and alcohol use by transportation workers on June 25, 2009 (Chancellor's Regulation C-102), this new policy does not provide for revocation where a bus driver fails to take a nonrequired drug test. The C-102 provisions requiring a postaccident test explicitly apply only when the accident involves loss of life, bodily injury, disabling damage to the vehicle, or after a

third accident within any 12 month period, but do not apply here, where it is petitioner's first accident, in which no one was injured and no vehicle was disabled (*see Matter of Gomez v New York City Dept. of Educ.*, 50 AD3d 583, 584 [1st Dept 2008]). Further, we note that petitioner took a drug test within 24 hours and that the test was negative.

Petitioner is entitled to a hearing to determine whether any incidental damages resulted from DOE's determination (*see Metropolitan Taxicab Bd. of Trade v New York City Taxi & Limousine Commn.*, 115 AD3d 521, 522 [1st Dept 2014], *lv denied* 24 NY3d 911 [2014]). Concur—Sweeny, J.P., Richter, Manzanet-Daniels and Gische, JJ.