| **Frederique v City of New York** |
|:---:|
| 2024 NY Slip Op 33972(U) |
| November 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155015/2023 |
| Judge: Kathleen Waterman-Marshall |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:    <u>HON. KATHLEEN WATERMAN-MARSHALL</u> | PART        09M |
| *Justice* | |

-----------------------------------------------------------------------------------X

GILBERT FREDERIQUE,

                            Plaintiff,

                         - v -

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF CORRECTION

                            Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155015/2023 |
| MOTION DATE | 06/05/2023 |
| MOTION SEQ. NO. | 001 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22

were read on this motion to/for        <u>VACATE - DECISION/ORDER/JUDGMENT/AWARD</u>.

      This Article 78 matter was transferred to Part 9. Mr. Frederique Gilbert Frederique ("Mr. Frederique") seeks an order annulling the termination of his employment with respondent New York City Department of Correction ("the DOC") for use of excessive force, following an administrative trial. Mr. Frederique contends that the DOC incorrectly applied a different excessive force standard than what was in effect at the time of the incidents, retroactively applied this incorrect standard to the incidents, and that the standard applied did not sufficiently describe prohibited conduct in violation of the Due Process clauses of the State and Federal Constitutions. Respondents oppose contending that their actions were neither arbitrary nor capricious, were supported by law, and that the matter effectively seeks review of a quasi-judicial proceeding requiring transfer to the Appellate Division.

## <u>Background</u>

      Mr. Frederique, employed as a Correction Officer by the DOC, was charged with eight occasions of misconduct for incidents occurring between 2018 and 2021. The charges of misconduct alleged that Mr. Frederique: used excessive/unauthorized force in using chemical agents on inmates on various occasions, including on inmates confined to cells; submitted false and/or misleading use of force reports; failed to ensure a door was locked; and failed to activate his body-camera.

      Pursuant to Civil Service Law Section 75, a six-day administrative trial on these charges was held before Administrative Law Judge Stecura at the New York City Office of Administrative Trials and Hearings ("OATH") in January and February 2023. During the trial, both Mr. Frederique and the DOC were represented by counsel and submitted evidence. Mr. Frederique introduced 28 exhibits into evidence, testified on his own behalf, and called Assistant Deputy Warden Temples to testify as a witness. The DOC introduced 28 exhibits into evidence and called 6 Investigators and Supervising Investigators as witnesses to testify. Upon receipt of

**155015/2023   FREDERIQUE, GILBERT vs. CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 1 of 4**

this evidence, Administrative Law Judge Stecura issued a 54-page Report and Recommendation, setting forth finding of facts in which she sustained charges that Mr. Frederique used excessive force on five occasions and submitted false reports on four occasions, but rejected charges that Mr. Frederique failed to secure a door and failed to activate his body-worn camera, and recommended termination as the penalty for the sustained charges.

Mr. Frederique's counsel filed an affidavit of service of the order to show cause which purports to supplement the petition, and includes a 245 page "Special Report by the Nunez Independent Monitor" issued on July 10, 2023, and several OATH Reports and Recommendations in other disciplinary matters, which Mr. Frederique contends mandate annulment of his termination (NYSCEF Doc. No. 13). Respondents urge the Court not to consider this filing (NYSCEF Doc. No. 14 n 1). This affidavit of service improperly seeks to supplement the petition; however, consideration or rejection of this supplemental information is immaterial to this decision.

Neither party has submitted memoranda of law or attorney affirmations in support of their claims. Thus, this matter proceeds on the verified pleadings and exhibits thereto.

## Article 78

Article 78 matters which raise the issue of "whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence" must be transferred to the Appellate Division, excepting only that originating court must first dispose of objections which could terminate the proceeding, such as lack of jurisdiction, statute of limitations, and res judicata (CPLR 7804[g]; *see e.g. Matter of McDonald v Bratton*, 129 AD3d 489 [1st Dept 2015] [Article 78 challenging police officer's disciplinary hearing transferred to Appellate Division]; *Matter of Joyner v Abate*, 199 AD2d 56 [1st Dept 1993] [Correction Officer's Article 78 challenging dismissal transferred to Appellate Division]). Transfer to the Appellate Division is mandated, no matter how inartfully a question of substantial evidence may be raised (*Matter of Argentina v Fischer*, 98 AD3d 768 [3d Dept 2012]).

Here, Mr. Frederique challenges the recommendation of the Administrative Law Judge, as adopted by the Commissioner, following an administrative trial. It is undisputed that the administrative trial was held pursuant to Civil Service Law Section 75, and evidence taken in accordance with that statute. As previously discussed, evidence and testimony were received at the administrative trial, which Administrative Law Judge Stecura relied upon in making their finding of facts and penalty recommendation. This is precisely the type of quasi-judicial proceeding contemplated by CPLR 7803(4) and 7804(g) (*Matter of Save the Pine Bush v Planning Bd. of City of Albany*, 83 AD2d 741 [3d Dept 1981] ["An issue specified in CPLR 7803 (subd 4) arises only where a quasi-judicial hearing has been held and evidence taken pursuant to law"]). While the petition does not expressly challenge the sufficiency of the evidence relied upon at the administrative trial, instead purporting to challenge respondents' actions as arbitrary and capricious, when taken as a whole, the petition makes clear that Mr. Frederique challenges whether the entire administrative record supports the recommendation. This requires transfer to the Appellate Division (*Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 120 AD2d 166, 169 [3d Dept

1986] [where petition challenges findings of fact, the petition raises issues of substantial evidence and transfer to Appellate Division is mandated]; *Rivera v Beekman*, 86 AD2d 1 [1st Dept 1982] [Special Term should have transferred Article 78 petition challenging employee's dismissal after administrative hearing as arbitrary and capricious to Appellate Division for review under substantial evidence standard]). Consequently, adjudication by this court of Mr. Frederique's claims that his termination was arbitrary and capricious would be error, as these claims are inextricably linked to the sufficiency of the evidence (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974] ["Rationality is what is reviewed under both the substantial evidence rule and the arbitrary and capricious standard"]). Accordingly, transfer of this matter to the Appellate Division is required.

Assuming, for the sake of argument, that this Court could determine Mr. Frederique's arbitrary and capricious claims and the transfer of these claims to the Appellate Division is erroneous, the Appellate Division is nevertheless empowered to determine the issue upon transfer (*Matter of 125 Bar Corp. v State Liq. Auth. of State of N.Y.*, 24 NY2d 174, 180 [1969]; *Matter of Burrell v Ortiz*, 128 AD2d 391, 392 [1st Dept 1987]). However, the inverse is not true; this Court may not determine issues of substantial evidence (*Matter of Dippell v Hammons*, 246 AD2d 450 [1st Dept 1998] [Article 78 contesting demotion and termination raised question of whether administrative law judge's determination was supported by substantial evidence and matter should have been transferred to Appellate Division for such purpose]).

Before transferring the matter to the Appellate Division for substantial evidence review, this Court must determine any other objections that could dispose of the petition. However, there appears no objection which could dispose of the petition. Respondents, by way of verified answer, assert claims that: the petition fails to state a cause of action; their actions were reasonable and not arbitrary and capricious; their actions were supported by substantial evidence; the penalty imposed was not shocking to the conscience; and the petition raises questions related to the sufficiency of the evidence. Notably there is no motion to dismiss and, in any event, the petition states a cause of action. Respondents' remaining claims are inextricably linked to the substantial evidence issue. Accordingly, transfer to the Appellate Division is proper.

**Conclusion**

Although the petition does not expressly seek review of "substantial evidence" it seeks, on the whole, to review the findings of a quasi-judicial administrative law hearing. Accordingly, the matter must be transferred to the Appellate Division, First Department, for substantial evidence review unless an objection could otherwise dispose of the matter. As there is no objection which could dispose of this petition, transfer to the Appellate Division is mandated.

Accordingly, it is

**ORDERED** that, pursuant to CPLR 7804 (g), the application by Mr. Frederique seeking to vacate and annul a determination by respondents is respectfully transferred to the Appellate Division, First Department, for disposition pursuant to said subsection. This proceeding involves an issue as to whether a determination made as a result of a hearing held, and at which evidence

**155015/2023   FREDERIQUE, GILBERT vs. CITY OF NEW YORK ET AL**            **Page 3 of 4**
**Motion No.  001**

3 of 4

[* 3]

was taken, pursuant to direction by law, is, on the entire record, supported by substantial evidence (CPLR 7803 [4]); and it is further

**ORDERED** that Mr. Frederique shall serve a copy of this order with notice of entry upon the Clerk of the Court, who is directed to transfer the file to the Appellate Division, First Department; and it is further

**ORDERED** that such service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website).

| | | |
|---|---|---|
| **11/08/2024** | | |
| **DATE** | | **KATHLEEN WATERMAN-MARSHALL, J.S.C.** |

| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | [ ] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [X] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [X] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**155015/2023   FREDERIQUE, GILBERT vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 4 of 4