Matter of Cassie Garage, LLC v New York City Dept. of Bldgs. (2025 NY Slip Op 01768)

Matter of Cassie Garage, LLC v New York City Dept. of Bldgs.

2025 NY Slip Op 01768

Decided on March 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 25, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Higgitt, JJ. 

Index No. 150504/22|Appeal No. 3970|Case No. 2023-01902|

[*1]In the Matter of Cassie Garage, LLC, et al., Petitioners,
v
New York City Department of Buildings, et al., Respondents.

Goldberg Weprin Finkel Goldstein LLP, New York (Scott B. Brenner of counsel), for petitioners.
Muriel Goode-Trufant, Corporation Counsel, New York (Shane Magnetti of counsel), for respondents.

Determinations of the Office of Administrative Trials and Hearings (OATH), dated May 21, 2021, which, after a hearing, affirmed three violations of Administrative Code of City of NY § 28-105.1 issued by the New York City Department of Buildings, and assessed a penalty of $1,250 per violation, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Lyle E. Frank, J.], entered on or about October 19, 2022), dismissed, without costs.
Although petitioners do not dispute that the OATH determinations were supported by substantial evidence, this Court will retain jurisdiction over this transferred proceeding "and determine the issues raised, applying the arbitrary and capricious standard of review" (Matter of Niang v New York City Dept. of Educ., 137 AD3d 542, 542 [1st Dept 2016]; see CPLR 7804[g]).
Petitioners' violations were not exempt from penalties under Administrative Code § 28-213.1 because the language of that section "does not bar the imposition of penalties for erecting signs without a permit" (Matter of West 81st Garage, LLC v New York City Dept. of Bldgs., 233 AD3d 561, 561 [1st Dept 2024]; see also Matter of East 85th Garage LLC v New York City Dept. of Bldgs., 233 AD3d 535, 536 [1st Dept 2024]).
Petitioners' payment of the fines does not require the Department of Buildings to remove open violation designations for the still unpermitted signs. "Violations classified as major or lesser," such as petitioners' violations here, "must be corrected within [60] days from the date of service of the" summons (1 RCNY 102-01[c][2]). The summonses issued to petitioners identified the remedy for the violations as "[r]emove illegal sign" and notified petitioners that "[u]ncorrected violations are subject to additional violations and penalties." Petitioners do not suggest that they have corrected the violations by removing the signs, and payment of penalties is not an alternative to obtaining the required permits.
We have considered petitioners' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2025